## GLASS et al. v. GREAT SOUTHERN LIFE INS. CO.
### No. 11498.

Court of Civil Appeals of Texas. Galveston.

Feb. 25, 1943.

Rehearing Denied March 25, 1943.

Dan W. Jackson, Criminal Dist. Atty., and Conrad J. Landram, Asst. Criminal Dist. Atty., both of Houston, for appellants.

Frank G. Dyer, of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Great Southern Life Insurance Company, against appellants, Jim .H. Glass, as assessor and collector of taxes for Harris County, and against the four commissioners and the County Judge, composing the Board of Equalization of Harris County, to cancel an assessment for State and County taxes for the year 1941 against the personal property of appellee.

The assessment in question was made by the tax assessor and collector and duly referred to the Board of Equalization, and after due notice to appellee and a hearing before the Board, it was duly made and approved by the Board and placed on the tax rolls of the county.

Thereafter, on January 31, 1942, appellee Insurance Company instituted this suit in the district court of Harris County to cancel and set aside said assessment as null and void. It contended that, under Article 4754, Vernon's Ann.Civil Statutes there was no taxable value in its personal property for the year 1941 upon which an assessment could lawfully be made by appellants in favor of either the State of Texas or Harris County.

The case was tried before the court upon an agreed stipulation of the facts, under Rule 169, Texas Rules of Civil Procedure. No evidence outside of the agreed stipulation was offered by either party and the trial court adopted the facts so stipulated as its findings of fact. Judgment was rendered by the trial court for appellee, Insurance Company, cancelling and declaring said assessment void in its entirety and perpetually enjoining appellants from collecting taxes based thereon in favor of the State in the sum of $5,944.71, and in favor of the County in the sum of $9,173.-30.

This appeal involves a construction of Article 4754, Vernon's Ann.Civil Statutes. The question to be determined is whether appellee, Insurance Company, had any taxable value in its personal property which was subject to assessment and taxation by the State of Texas and Harris County for the year 1941. This question must be determined by the meaning placed on the term "assessed value of all real estate owned by the Company", which said Article 4754 states must be deducted from "the total valuation of its assets", before arriving at the final taxable value of the personal property of Insurance Companies incorporated under the laws of this state.

Article 4754, Vernon's Ann.Civil Statutes, reads: "Insurance companies incorporated under the laws of this State shall hereafter be required to render for State, county and municipal taxation all of their real estate as other real estate is rendered. All personal property of such insurance companies shall be valued as other property is valued for assessment in this State in the

following manner: From the total valuation of its assets shall be deducted the reserve being the amount of the debts of insurance companies by reason of their outstanding policies in gross, and from the remainder shall be deducted the assessed value of all real estate owned by the company and the remainder shall be the assessed taxable value of its personal property. Home insurance companies shall not be required to pay any occupation or gross receipt tax."

It is stipulated by the parties that in the year 1941 appellee had real estate situated in Harris County and in other jurisdictions of the full and true value of $5,319,256.98, and that for the purpose of this trial taxes were paid by said appellee on said real estate in each of the jurisdictions in which it was located at a valuation of 40% of its true value. In arriving at the taxable value of appellee's personal property for the year 1941, it, in its rendition, showed the total value of all of its assets, which included an item of $5,319,251.98 as the book value and the full and true value of its real estate. In its rendition appellee deducted from the total valuation of its assets its tax exempt bonds and stocks, and its reserve, and of all its real estate. It deducted its real estate in the following manner: it rendered its real estate at 40% of its true value, or $2,237,563.72, and in deducting its real estate from its total assets it deducted that amount, thus eliminating its real estate from the total valuation of its assets. After eliminating its real estate from the total valuation of its assets there remained nothing to be taxed as personal property and appellee offered to pay no taxes on its personal property for the year 1941.

The tax assessor and collector for Harris County not being satisfied with appellee's rendition, referred it to the Equalization Board of Harris County. The Board determined that the valuation of appellee's personal property for that year was the sum of $1,024,950. It arrived at this figure by deducting from the total valuation of appellee's assets its stocks, bonds and reserve (about which there is no dispute) leaving a remainder of $4,799,949.55. From this remainder (which included the full value of appellee's real estate) it deducted the sum of $2,237,563.72, as the statutory "assessed value of all real estate owned by the company", this being the admitted actual assessed value of the real estate. This left a remainder of $2,562,-

385.83. Appellants placed 40% of said $2,562,385.83, the sum of $1,024,950, as the final assessed taxable value of appellee's personal property for the year 1941.

The precise question involved in this appeal was decided by this court in the case of City of Galveston v. American National Insurance Company, Tex.Civ.App., 14 S.W. 2d 897, 898, writ of error refused by the Supreme Court, in an opinion handed down on February 13, 1929.

In that case the City of Galveston assessed the personal property of the American National Insurance Company for taxation under said Article 4754 in the same manner as that adopted by appellee, Insurance Company. It first determined the total assets of the Insurance Company (exclusive of tax exempt securities), which total valuation included the book value and true value of the Insurance Company's real estate. It then deducted the amount of the Insurance Company's reserve, but only deducted the value at which the Insurance Company's real estate had been assessed by the various taxing authorities of the State, which was less than its true value and less than the value at which it was included in the total assets of the company, on the theory that "assessed value", as used in Article 4754, meant the value at which real estate was assessed by the various taxing authorities having jurisdiction, it being undisputed that the City of Galveston only assessed property at 75% of its true value. The trial court in that case entered judgment granting an injunction against the tax assessing agencies and declaring the assessment void, and this court, speaking through Justice Graves, affirmed the judgment of the trial court, holding that "the difference between the book value and assessed value of the real estate was not taxable in the circumstances, and that in all three instances the former instead of the latter should have been deducted in making the assessments. * · * *"

In 1927 the Legislature, with the manifest purpose of obtaining greater certainty with regard to the Supreme Court's action upon writs of error, by an amendment to Article 1728, R.C.S., Vernon's Ann.Civil Statutes, Art. 1728, provided that the court should refuse the writ "where the judgment of the Court of Civil Appeals is a correct one and where the principles of law declared in the opinion of the court are correctly determined" and "dismiss the case for want of jurisdiction" where the judgment was correct but the Supreme Court was not satisfied that the opinion in all respects correctly declared the law. It has been uniformly held that the Supreme Court's refusal of an application for a writ of error has manifested its approval of the holdings of the Court of Civil Appeals which were essential to its decision. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561; Humble Oil & Refining Co. v. State, Tex.Civ. App., 158 S.W.2d 336, writ of error refused.

Under the above authorities, it is unnecessary to burden this opinion with a further discussion of the issues involved herein, since this court is bound by its former holding in a case involving the same question in which a writ of error has been refused by the Supreme Court, which is tantamount to an approval of the holding of this court in that case.

The trial court rendered judgment against each of the appellants herein and granted appellee the relief it sought. However, it adjudged all costs of the suit against appellee, to which action of the court appellee duly excepted.

Rules of Civil Procedure, rule 131, provides that "the successful party to a suit shall recover of its adversary all costs incurred therein, except where otherwise provided."

It has been uniformly held that where the State enters the courts as a litigant it places itself upon the same basis as any other litigant and costs may be taxed against it. Ibanez v. State, Tex.Civ.App., 123 S.W.2d 704.

Rules of Civil Procedure, rule 127 provides: "Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more."

Appellee was the successful party in this suit; under above articles we think that costs could not have been properly adjudged against it.

The judgment of the trial court will be affirmed, except in so far as it adjudged all costs of the trial court against the appellee; in this respect said judgment will

be reversed and judgment here rendered, adjudging all costs of this suit against appellants.

Affirmed in part; reversed and rendered in part.