H. B. BRYAN et al., Appellants,

v.

CENTRAL AMERICAN LIFE INSURANCE COMPANY, Appellee.

No. 6635.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 29, 1956.

Rehearing Denied Dec. 3, 1956.

Campbell & Brock, Lubbock, for appellants.

Klett, Evans, Trout & Jones, Lubbock, for appellee.

NORTHCUTT, Justice.

For a statement of the nature and results of this suit we adopt the statement of the appellants which is as follows:

"Central American Life Insurance Company, as plaintiff, sued the Tax Assessor and Collector of Lubbock County, Texas, and the Commissioners Court as members of the Board of Equalization, for judgment cancelling, setting aside and annulling the state and county personal property assessment against the Insurance Company for the year 1954 as null and void, and praying for a permanent injunction enjoining and restraining the collection of said personal property taxes, alleging that the county officials used an incorrect method in arriving at the assessed value of the personal property of said Insurance Company. Answer was by general denial and the cause was submitted to the Court upon an agreed Statement of Facts. The Trial Court rendered judgment cancelling the personal property tax and enjoining the Appellants and their successors in office from collecting the 1954 personal property taxes assessed against the Insurance Company. The Appellants gave notice of appeal to this Honorable Court and, have duly perfected such appeal. The Trial Court filed his Conclusions of Law pursuant to the request of Appellants and refused to make Additional Conclusions of Law as requested by the Appellants."

The sole question involved herein is whether the taxing authorities used the proper method in reaching the value of the personal property to be taxed. The Board of Equalization used an assessment percentage of 40 per cent of the value on properties as the basis for fixing taxable valuations. The Board of Equalization fixed the value of personal property of the appellee as follows: By accepting the value of the total assets as rendered by appellee at $775,556, and deducted from that amount Government Bonds of $51,780 and also deducted the reserve of $259,509 leaving a remainder of $464,267; then took 40 per cent of the $467,267 which would be a $185,706.80 and deducted from this amount the sum of $146,140 (the $146,140 being the taxable value assessed against the appellee's real estate for tax purposes and which taxes appellee had paid) leaving a balance of $39,566 as the value of the personal property upon which appellants sought to collect taxes.

The appellants present this appeal upon three points of error as follows:

"Point of Error No. One.

"The Trial Court erred in holding the personal property tax assessment of the Insurance Company by Lubbock County to be null and void and enjoining the collection thereof since the method used by the County is the exact method prescribed by Article 4.01 of the Insurance Code of the State of Texas.

"Point of Error No. Two.

"The Trial Court erred in holding that the facts in the instant case and those in the case of Glass v. Great Southern Life Insurance Co. [Tex. Civ.App.], 170 S.W.2d 247 (Writ Ref.) are exactly parallel since the method of assessment was different in each case, and since the formula used in the instant case would have likewise resulted in no personal property tax of the Insurance Company in the Glass case.

"Point of Error No. Three.

"The Trial Court erred in refusing the Requested Additional Conclusions of Law requested by Appellants."

■ Article 4.01 of the Insurance Code of the State of Texas provides as follows:

"Insurance companies incorporated under the laws of this State shall hereafter be required to render for state, county and municipal taxation all of their real estate as other real estate is rendered. All personal property of such insurance companies, except fire insurance companies and casualty insurance companies, shall be valued as other property is valued for assessment in this State in the following manner: From the total valuation of its assets shall be deducted the reserve being the amount of the debts of insurance companies by reason of their outstanding policies in gross, and from the remainder shall be deducted the assessed value of all real estate owned by the company and the remainder shall be the assessed taxable value of its personal property."

Surely the legislature had in mind when this act was passed that the taxing authorities would assess all property at its fair value as required by the constitution and also by statute. The fallacy of the method used by appellants in determining the value of the personal property was in accepting the total assets of appellant at $775,556 which included the real estate valued at $620,853 and then in valuing such real estate at $146,140 since they were accepting the figure of $775,556 they were bound by the figure placed in such total assets shown by the value of the real estate. If that were not true they would not have the $775,556 figure upon which to start with in basing their method of reaching the $39,566 value of the personal property.

If the appellant were permitted to deduct from the total assets just the reserve which was in this case $259,509 that would leave a balance of $516,047 in the total assets or $104,806 less than shown to be represented by the real estate, in other words, the appellant could not accept the total assets of the appellee for their basis for assessing taxes without accepting the value of the real estate given because if the real estate was not of that value then the total assets would not amount to the $775,556.

■ The appellant might not have collected the proper amount of taxes but that is not a matter involved herein. If that were true under this record it would have been concerning the value of the real estate and not a question of taxes upon the personal property. We believe the case of Glass v. Great Southern Life Insurance Co., Tex.Civ.App., 170 S.W.2d 247 in which a writ was refused for want of merit disposes of the matters involved herein.

Judgment of the trial court is affirmed.