CITY OF SAN ANTONIO et al., Appellants,

v.

S. E. McCRELESS et al., Appellees.

No. 14814.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 3, 1969.

Rehearing Denied Dec. 31, 1969.

Howard C. Walker, Crawford B. Reeder, San Antonio, for appellants.

A. W. Worthy, Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a declaratory judgment suit brought by the Board of Trustees of the San Antonio District of the Southwest Texas Conference of the Methodist Church, appellees herein, against the City of San Antonio and Leonard Baker, Jr., Assessor-Collector of Taxes of the City of San Antonio, appellants, for the purpose of having certain property belonging to appellees and used exclusively as a residence for the District Superintendent of the San Antonio District of the Southwest Texas Conference of the Methodist Church declared exempt from taxation by the City of San Antonio. Appellants appeal from a summary judgment declaring that such property is exempt from taxation under the Constitution and laws of the State of Texas.

Appellants assert that the trial court erred in holding that the property in question was exempt under Art. 7150b, Vernon's Ann.Civ.St., because that statute, insofar as it applies to this case, violates Art. VIII, Sec. 2, of the State Constitution, Vernon's Ann.St.

The only evidence in this case is an affidavit by O. Eugene Slater, resident bishop of the Methodist Church, which appellants concede should be accepted as true. Such affidavit establishes that: (1) the property involved is owned in fee by the Methodist

Church; (2) such property is located within the boundaries of the San Antonio District, which is a division of the Southwest Texas Conference of the Methodist Church; (3) the San Antonio District is composed of 53 local churches, with one or more ordained ministers of the Methodist Church being assigned as pastors of each of such local churches; (4) the San Antonio District has one district superintendent, and that the present district superintendent is the Rev. Jack D. Heacock, an ordained minister of the Methodist Church; (5) such District Superintendent has general supervisory and administrative jurisdiction over the 53 local churches; (6) the property in question is used exclusively as a dwelling place for the District Superintendent of the San Antonio District; (7) it yields no revenue whatsoever to the church; (8) the exemption from taxation claimed does not extend to more property than is reasonably necessary for a dwelling place for said Superintendent and comprises less than one acre of land.

Art. VIII, Sec. 2, of the Constitution of Texas is the organic law of our State authorizing the Legislature to extend exempted status to specified property of churches or religious societies. Prior to 1925, this article and section provided that the Legislature might exempt "actual places of religious worship." It was held in Trinity Methodist Episcopal Church v. City of San Antonio, 201 S.W. 669 (Tex.Civ.App.—San Antonio 1918, writ ref'd), that this did not exempt a residence belonging to a church and used by its pastor as a home. In 1928 the people adopted Art. VIII, Sec. 2, in its present form. Insofar as material here, it provides: " * * * the legislature may, by general laws, exempt from taxation * * * any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not ex-

tend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; * *."

Art. 7150b in its present form was enacted by the Legislature in 1961. The applicable portions of such statute read as follows:

There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; and provided further, that the fact that the ministry uses a portion of the dwelling as their study, library or office shall not prevent the property from being considered as being used exclusively as a dwelling place. For purposes of this Act, "church" includes a strictly religious society; and "ministry of such church" means those persons whose principal occupation is that of serving in the clergy, ministry, priesthood or presbytery of an organized church or religion, whether they are assigned to a local church parish, synagogue, cathedral or temple *or to some larger unit of the church organization and whether they perform administrative functions or not.* (Emphasis added.)

It is elementary that the Legislature in prescribing tax exemptions may not exceed the limits set forth by the Constitution. City of Houston v. South Park Baptist Church, 393 S.W.2d 354 (Tex.Civ.App.—Houston 1965, writ ref'd); Dickison v. Woodmen of the World Life Ins. Soc., 280 S.W.2d 315 (Tex.Civ.App.—San Antonio 1955, writ ref'd). It is well established in Texas that the provisions of law purporting to grant exemptions from taxation will be given a strict construction. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.Sup.1963); Trin-

ity Methodist Episcopal Church v. City of San Antonio, supra.

Appellants concede that if the subject land and building constituted a dwelling place for the minister of a local church it would be entitled to an exemption, even though there might be fifty-three local churches in the San Antonio District, but assert that the exemption from taxation of the residence of a minister serving as an administrator for a larger unit of the church organization (San Antonio District of the Southwest Texas Conference of the Methodist Church) than an individual church, is not authorized by and violates the provisions of Art. VIII, Sec. 2 of the Constitution. It is undisputed that the property here involved is a residence of a district superintendent in a district where there are fifty-three individual churches.

The case of City of Houston v. South Park Baptist Church, supra, was a declaratory judgment proceeding brought by the church to have determined the question of whether or not a church's dwelling place for its "educational minister" was exempted from taxation. South Park Baptist Church owned another piece of property which included a residence used exclusively as a dwelling place by the church's pastor, and on which the church had claimed and received an exemption from taxation. The Court held that the property in question was not exempt. The Court discussed in some detail the applicable provisions Sec. 2, Art. VIII, of the Constitution, Art. 7150 and Art. 7150b, Vernon's Ann.Civ.St. and held that the provisions of Art. VIII, Sec. 2 of the Constitution authorizes the Legislature to exempt only one dwelling place for the ministry of the church. A writ of error was refused by the Supreme Court in that case.

■ The crucial question here is the meaning of the word "church" as used in Sec. 2 of Art. VIII of the Constitution. Does it mean the overall abstract church organization (Methodist Church in the case before us), each individual church within that organization, or both? It was estab-lished in South Park Baptist Church, supra, that each physical church is entitled to an exemption for only one dwelling place for the ministry thereof, and it is our opinion that the Constitution does not authorize the Legislature to go further and exempt property used by an abstract church organization as dwelling places for all of its administrative officers, even though they may be ordained ministers.

Applying the strict rule of construction, as we must, we conclude that the exemption from taxation of the residence of a district superintendent who has general supervisory and administrative jurisdiction of fifty-three local churches in such district is not authorized by and violates Art. VIII, Sec. 2, of the Constitution. We hold that the trial court erred in holding that the property in question was exempt under Art. 7150b, supra, because that statute, insofar as it applies to this case, is unconstitutional.

Both appellants and appellees filed motions for summary judgment. The judgment of the trial court is reversed and judgment is here rendered that the property in question is not exempt from taxation by appellants.