**S. E. McCRELESS et al., Petitioners,**

**v.**

**CITY OF SAN ANTONIO et al.,
Respondents.**

**No. B–1962.**

Supreme Court of Texas.

May 20, 1970.

Rehearing Denied June 17, 1970.

Boyle, Wheeler, Gresham, Davis and Gregory, A. W. Worthy, San Antonio, for petitioners.

Howard C. Walker, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for respondents.

STEAKLEY, Justice.

The question here is whether property of the Methodist Church used as a residence for the District Superintendent of the San Antonio District of its Southwest Texas Conference is subject to taxation by the City of San Antonio. The trial court declared the residence to be exempt from taxation; the Court of Civil Appeals held otherwise. 448 S.W.2d 518. We hold that the property is exempt.

It is shown that the Methodist Church is divided into five jurisdictional conferences, one of which is the South Central Jurisdictional Conference which includes the State of Texas and seven other states. The Southwest Texas Conference is a smaller administrative unit of this Conference and is divided into six Districts of which the San Antonio District is one. Fifty-three local churches and charges are located within the boundaries of the San Antonio District with one or more ordained ministers. The Resident Bishop of the Methodist Church appoints one District Superintendent for each of the six districts composing the Southwest Texas Conference who, in turn, exercises general supervisory and administrative jurisdiction over the churches and charges in the District. Persons so appointed are ordained ministers of the Methodist Church. It is the residence of the District Superintendent for the San Antonio District which is in question here.

Sec. 2 of Art. VIII of the Constitution, Vernon's Ann.St. as amended by vote of the people in 1928, authorizes the exemption by the Legislature of not only actual places of religious worship but "also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society."[1] Pursuant thereto,

1. "All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places or [of] religious worship, *also any property owned by a church or by a strict-*

the Legislature in 1961 enacted a statute which is codified as Art. 7150b, Vernon's Ann.Civ.St., and which provides:

"There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; and provided further, that the fact that the ministry uses a portion of the dwelling as their study, library or office shall not prevent the property from being considered as being used exclusively as a dwelling place. For purposes of this Act, 'church' includes a strictly religious society; *and 'ministry of such church' means these persons whose principal occupation is that of serving in the clergy, ministry, priesthood or presbytery of an organized church or religion, whether they are assigned to a local church parish, synagogue, cathedral or temple or to some larger unit of the church organization and whether they perform administrative functions or not.*" (Italics in each instance are those of the writer.)

Under the restrictions upon legislative power in Sec. 2 of Art. VIII of the Constitution, the Legislature may not authorize

the exemption from taxation of church residential property unless the property is owned by a church or a strictly religious society for exclusive use as a dwelling place for its ministry, and yields no revenue. Art. 7150b tracks these restrictions. The meaning to be given the constitutional phrase "the ministry of such church" was left open in the 1928 Amendment of Sec. 2 of Art. VIII and it was necessary for the Legislature to supply this. It did so in Art. 7150b and no attack is made here upon the reasonableness or sufficiency of the statutory definition. The principal occupation of the District Superintendent is serving in the clergy of an organized church and he is assigned to the San Antonio District of the Southwest Conference, a larger unit of the organization of that church. Indeed, it is not questioned either that the dwelling place for the District Superintendent qualifies for tax exemption under the statute or that the property is owned exclusively and in fee by the Methodist Church for exclusive use in such manner.

It was the view of the Court of Civil Appeals, however, relying principally on City of Houston v. South Park Baptist Church, 393 S.W.2d 354 (Tex.Civ.App.— 1965, writ ref'd), that Sec. 2 of Art. VIII of the Constitution prohibits the Legislature from exempting from taxation any church-owned property used as a dwelling place for its ministry except that owned

*ly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society;* provided that such exemption shall not extend to more property than is reasonably necessary for a dewlling place and in no event more than one acre of land; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a

State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; *and all laws exempting property from taxation. other than the property above mentioned shall be null and void.*" (Italics in each instance are those of the writer.)

and used by an individual church. The City of San Antonio, Respondent here, likewise states its position to be that tax exemption may be authorized by the Legislature only in cases of "parsonages used in connection with individual church structures."

Sec. 2 of Art. VIII of the Constitution explicitly says that the Legislature may exempt from taxation any property owned by a church for the exclusive use as a dwelling place for its ministry. It does not say, and cannot be reasonably read to say, that the authority thus granted is restricted to a church in the local or discrete sense, or that the minister dwelling in the church property must be one whose duties pertain to an actual place of worship. The specification of actual places of religious worship as subject to legislative provision for tax exemption immediately precedes the specification of dwelling place property, and it is to be expected that a restriction of the latter to ministers serving the former, i. e. a place of religious worship, would have been expressed had such been the purpose of the constitutional amendment. Moreover, it has been recognized as a general rule that when a constitution gives a general power, it also gives, by implication, every particular power necessary for its exercise. Cooley's Constitutional Limitations (8th ed.), vol. 1, p. 138. The general power given the Legislature to exempt any property owned by a church for exclusive use as a residence for its ministry carries the particular and essential power of determining who, and what activities, shall constitute the ministry of a church.

The matter, then, is one of legislative prerogative where all law making power rests except as proscribed by constitutional limitations expressed or necessarily implied. "It has been repeatedly held by this court and the courts of all jurisdictions that a legislative enactment will not be held unconstitutional and invalid unless it is absolutely necessary to so hold." Smith v. Patterson, 111 Tex. 535, 242 S.W. 749 (1922). See also State v. Brownson, 94 Tex. 436, 61 S.W. 114 (1901) and Lytle v. Halff, 75 Tex. 128, 12 S.W. 610 (1899). In our view, Art. 7150b, particularly in its delineation of the constitutional phrase "ministry of such church," represents a valid exercise of legislative power; thereunder, the residence of the District Superintendent in question is exempt from taxation by the City of San Antonio.

Our consideration of the problem at hand has occasioned a re-examination of City of Houston v. South Park Baptist Church, supra. It was there held that Sec. 2 of Art. VIII of the Constitution, and Art. 7150, Vernon's Ann.Civ.St., permitted legislative exemption of only one dwelling place for the ministry of a local church unaffected by subsequently enacted Art. 7150b. We approved this holding by refusal of writ of error without qualification. We have here given effect to the legislative definition of "ministry of such church" in Art. 7150b which cannot be reconciled with the rationale of the South Park Baptist Church case; it is accordingly overruled.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.