

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 16, 1974

See
City of Amarillo v.
Paramount Terrace
Christian Church of
Amarillo
530 SW 2d 323
Tex. Civ. App. Amarillo
1975

The Honorable Don S. Caldwell, Jr.
Limestone County Attorney
P.O. Box 146
Groesbeck, Texas 76642

Opinion No. H-399

Re: Whether residence owned
by church and occupied by the
Minister of Music is exempt
from ad valorem tax.

Dear Mr. Caldwell:

You have asked our opinion on the following question:

> Is a residence owned by a duly organized church
> eligible to be exempted from State and County Ad
> Valorem Taxes, said residence being used exclusively
> by the minister of music of said church.

You have advised us that the church in question owns one residence
occupied by its minister. According to your letter:

> It has purchased land and built additional residence
> which is being used by the minister of music of said
> church. The total property used by both residences
> is less than one acre of land. The minister of music
> is a full time hired employee of the church who is
> completely in charge of all religious music and other
> religious activities. The property yields no revenue
> whatever to the church. The property consists of
> only what is reasonably necessary for a dwelling place
> for the minister of music.

Section 2 of Article 8 of the Texas Constitution provides in part:

> (a) All occupation taxes shall be equal and
> uniform upon the same class of subjects within
> the limits of the authority levying the tax; but the
> legislature may, by general laws, exempt from
> taxation public property used for public purposes;
> actual places of religious worship, also any
> property owned by a church or by a strictly religious
> society for the exclusive use as a dwelling place for
> the ministry of such church or religious society, and
> which yields no revenue whatever to such church or
> religious society; provided that such exemption shall
> not extend to more property than is reasonably
> necessary for a dwelling place and in no event more
> than one acre of land;
>
> . . .

The Legislature has enacted two general laws exempting certain church property from ad valorem taxation.

The most inclusive statute is Article 7150, V. T. C. S., which in its Section 1 provides in part:

> The following property shall be exempt from
> taxation, to-wit:
>
> 1. Schools and Churches. --Public school houses
> and actual places of religious worship, also any
> property owned by a church or by a strictly religious
> society, for the exclusive use as a dwelling place for
> the ministers of such church or religious society, the
> books and furniture therein and the grounds attached
> to such buildings necessary for the proper occupancy,
> use and enjoyment of the same, and which yields no
> revenue whatever to such church or religious society;
> provided that such exemption as to the dwelling place
> for the ministers shall not extend to more property
> than is reasonably necessary for a dwelling place and in
> no event more than one acre of land . . . .

The Honorable Don S. Caldwell, Jr.   page 3   (H-399)

More recently the Legislature has enacted Article 7150b, V.T.C.S., which, in its entirety, reads:

There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; and provided further that the fact that the ministry uses a portion of the dwelling as their study, library or office shall not prevent the property from being considered as being used exclusively as a dwelling place. For purposes of this Act, "church" includes a strictly religious society; and "ministry of such church" means these persons whose principal occupation is that of serving in the clergy, ministry, priesthood or presbytery of an organized church or religion, whether they are assigned to a local church parish, synagogue, cathedral or temple or to some larger unit of the church organization and whether they perform administrative functions or not.

In City of Houston v. South Park Baptist Church, 393 S.W. 2d 354 (Tex. Civ. App., Houston 1965, err. ref'd.) the question was whether a home used by the church's Education Minister was exempt. The court never decided that question because it first held that both Article 7150 and Article 7150b (which the court said provided nothing substantially different from the Constitution and Article 7150) had reference to only one dwelling.

In 1970 the Texas Supreme Court, in McCreless v. City of San Antonio, 454 S.W. 2d 393 (Tex. 1970), although faced with a somewhat different question, found it necessary to re-examine and overrule its

decision in the South Park Baptist case.   It concluded that Article 7150b was broader than Article 7150, and was within the authority extended to the Legislature by the Constitution.

> The general power given the Legislature to exempt any property owned by a church for exclusive use as a residence for its ministry carries the particular and essential power of determining who, and what activities, shall constitute the ministry of the church.   (454 S. W. 2d at 395)

The court indicated that a church could be entitled to tax exempt status for more than one residence.   And see Attorney General Opinion M-217 (1968).

Since it appears from the facts you present that the minister of music is part of the ministry of this church, it is our opinion that under the McCreless ruling of the Supreme Court a dwelling place furnished for his use may qualify for tax exempt status provided the other requirements of the statutes are met.

### SUMMARY

> A dwelling furnished by a church for its minister of music, in addition to one furnished its minister, may qualify for tax exempt status under Article 7150 and Article 7150b,  V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg