The CITY OF AMARILLO et al., Appellants,

v.

PARAMOUNT TERRACE CHRISTIAN CHURCH OF AMARILLO, Texas, Appellee.

No. 8608.

Court of Civil Appeals of Texas, Amarillo.

Nov. 10, 1975.

Rehearing Denied Dec. 8, 1975.

J. Bruce Aycock, City Atty. (George N. Harwood), Amarillo, for appellants.

Clayton & Stubblefield (D. Lyman Stubblefield), Amarillo, for appellee.

ROBINSON, Justice.

The trial court entered summary judgment enjoining defendants, the City of Amarillo, Amarillo Independent School District, Amarillo College District and Amarillo Hospital District, from making an assessment of, levying on, or collecting taxes on a certain property owned by Paramount Terrace Christian Church. The court assessed costs against defendant taxing authorities. The facts are not in dispute. The property in question is occupied exclusively, and has been occupied exclusively since its purchase, by the church's Minister of Music. The church owns another residence which is occupied by its Minister. All of the properties owned by the church and used as dwelling places for its ministers occupy an area of

less than one acre, and they yield no revenue to plaintiff.

■ Defendants appeal, contending that the second manse is taxable under the Texas Constitution, art. VIII, § 2, and Articles 7150 and 7150b, Vernon's Ann.Civ.St., as interpreted in *City of Houston v. South Park Baptist Church of Houston*, 393 S.W.2d 354 (Tex.Civ.App.—Houston 1965, writ ref'd). That decision was expressly overruled by the Supreme Court in *McCreless v. City of San Antonio*, 454 S.W.2d 393 (Tex.1970). The pertinent parts of the Constitution and statutes are set out in the court's opinion in *McCreless*. Following that authority we hold that the property in question is exempt from taxation.

■ Appellants further contend that costs may not be taxed against taxing authorities. It is true that Articles 7343 and 7297, V.A.C.S., provide that costs may not be taxed against taxing authorities in suits for the collection of delinquent taxes and this is true even though the taxpayer initiates the action. *Lubbock Independent School District v. Owens*, 217 S.W.2d 186 (Tex.Civ.App.—Amarillo 1948, writ ref'd), and *City of Bryan v. Texas Services, Inc.*, 499 S.W.2d 750 (Tex.Civ.App.—Waco 1973, writ ref'd n. r. e.). However, the cause before us is not one for the collection of delinquent taxes, and, the suit not being within the statutory exemption, the taxing authorities may have costs taxed against them on the same basis as any other litigant. *Glass v. Great Southern Life Ins. Co.*, 170 S.W.2d 247 (Tex.Civ.App.—Galveston 1943, writ ref'd w. o. m.). See also *Atlantic Richfield Company v. Warren Independent School District*, 453 S.W.2d 190 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.