

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

August 5, 1976

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas   77704

Opinion No. H-857

Re:  Constitutionality
of article 7150h, V.T.C.S.,
granting a tax exemption
to disabled veterans.

Dear Mr. Hanna:

You have asked our opinion on the constitutionality of article 7150h, V.T.C.S., which provides a tax exemption for certain disabled veterans and for certain members of their families.

Article 7150h provides in part:

> Section 1.  There are exempted from all property taxes levied by the state, a county, city, town, school district, special district, or other political subdivision of the state the value of assessed property owned by a disabled veteran or by the surviving spouse or children of a deceased veteran in the amounts provided in this Act.
>
> . . .
>
> Sec. 3.  (a) A disabled veteran whose disability is less than 10 percent is not entitled to an exemption under this Act.
> (b) A disabled veteran whose disability is 10 percent or more, but not more than 30 percent, is entitled to an exemption of the first $1,500 of the assessed value of his property.  (Emphasis added).

Article 8, section 2(b) of the Texas Constitution authorizes an exemption for disabled veterans. It provides in part:

> The Legislature may, by general law, exempt property owned by a disabled veteran or by the surviving spouse and surviving minor children of a disabled veteran. . . . A veteran who is certified as having a disability of less than 10 percent is not entitled to an exemption. A veteran having a disability rating of not less than 10 percent nor more than 30 percent may be granted <u>an exemption from taxation for property valued at up to $1,500</u>. (Emphasis added).

Both the Constitution and statute go on to provide exemptions of as much as $3,000 for persons having greater percentages of disability. For purposes of convenience, we will refer only to the veteran with a disability rating of not less than 10 percent and not more than 30 percent.

You suggest that the statute is unconstitutional for two reasons. First, the Constitution discusses the exemption for property "valued at up to $1,500," while the statute provides an exemption for "the first $1,500 of the assessed value of [the] property." You assert that the Constitution must be read as permitting an exemption only if the total value of the veteran's property is $1,500 or less. Under this interpretation, the Legislature would be powerless to grant an exemption for any veteran who owned property the total value of which was more than $1,500.

Initially, we believe it appropriate to outline the history of the provision and some of the standards by which the statute must be judged.

The constitutional amendment authorizing a tax exemption was adopted by the people in November 1972. The Legislature which convened two months after the passage enacted implementing legislation. Acts 1973, 63rd Leg., ch. 281 at 668. Although that Act contained constitutional infirmities

[see Attorney General Opinion H-88 (1973)], the language which relates to the questions raised by your inquiry is identical to that contained in the current statute and was neither approved nor disapproved in the earlier opinion.

The Supreme Court of Texas has indicated the rule to be used in interpreting portions of the Constitution which envision future implementation by the Legislature. The Court said:

> It has long been the policy of the courts of this State to construe liberally constitutional provisions directing the action of legislatures, so as to carry out the purposes for which such provisions of the Constitution were adopted. Texas National Guard Armory Board v. McGraw, 126 S.W.2d 627, 634 (Tex. Sup. 1939).

In addition to giving a liberal construction to such constitutional provisions, the courts have indicated they will afford great deference to the contemporaneous legislative construction of the Constitution. The Supreme Court of Texas has indicated that:

> [t]he rule is general and elementary that contemporaneous and practical construction of constitutional provisions by the Legislature, in the enactment of laws, has great weight, and gives rise to a strong presumption that the construction rightly interprets the meaning of the provisions. Walker v. Meyers, 266 S.W. 499, 501-02 (Tex. Sup. 1924).

See also Hill County v. Sheppard, 178 S.W.2d 261 (Tex. Sup. 1944); Jones v. Williams, 45 S.W.2d 130 (Tex. Sup. 1931); American Indemnity Co. v. City of Austin, 246 S.W. 1019 (Tex. Sup. 1922).

In this case the Constitution gives the Legislature the ability to exempt property valued at up to $1,500. We believe the grant of legislative authority carries with it the authority to make reasonable definitions necessary to implement the constitutional amendment. In a similar case, the Legislature was given the power to exempt certain property

used by the ministry of churches. The property in question was used as a residence by an ordained minister who served as an administrator for a jurisdictional conference of the Methodist Church. Reversing the ruling of the lower courts, a unanimous Supreme Court said:

> The general power given the Legislature to exempt any property owned by a church for exclusive use as a residence for its ministry carries the particular and essential power of determining who, and what activities, shall constitute the ministry of a church. McCreless v. City of San Antonio, 454 S.W.2d 393, 395 (Tex. Sup. 1970).

Likewise, we believe article 8, section 2(b) of the Constitution carries with it the particular and essential authority of the Legislature to determine if the exemption applies (1) to all property owned by the veteran, but only if the total property has a value of less than $1,500, (2) to any single piece of property owned by the veteran which has a value of less than $1,500 or (3) to the first $1,500 of all property owned by the veteran. Given the strong presumption that the contemporaneous legislative construction is constitutional and given the authority afforded the Legislature by article 8, section 1(b), we are of the opinion that the exemption has been validly determined to apply to the first $1,500 of the veteran's property.

The second argument you present is that the statutory exemption of $1,500 of the assessed value of property is invalid since the Constitution refers to value rather than assessed value.

Here, the Constitution refers to property "valued at up to $1,500." In the context of ad valorem taxation, the process by which a valuation is assigned to a piece of property is assessment. Allen v. Emery Independent School District, 283 S.W. 674 (Tex. Civ. App. -- Texarkana 1926, no writ). The Legislative determination that the constitutionally authorized exemption extends to property with an assessed value of $1,500 is reasonable, and we believe is well within the authority of the Legislature as set out in the McCreless case.

We are strengthened in both our conclusions by the practical effect of the restrictive interpretation you advance.  If the exemption were limited to veterans who have disabilities of between 10 and 30 percent and whose total property is valued at less than $1,500, or to $3,000 in the case of the most severely disabled veterans, the constitutional provision would have almost no practical effect.  It is inconceivable that such a virtually meaningless gesture would have been made by the Legislature which drafted the constitutional amendment or by the people who adopted it.

Accordingly, in light of the power granted the Legislature to make reasonable determinations regarding the scope of the constitutional authority and in light of the strong presumption that the Legislature's determination is constitutional, it is our opinion that article 7150h, V.T.C.S., which grants a tax exemption for certain disabled veterans and their families, is valid.

### S U M M A R Y

Article 7150h, V.T.C.S., which grants an exemption from taxation for certain disabled veterans and their families, is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb