STATE of Texas, Appellant,

v.

U. T. L. AERONAUTICS, INCORPORATED, Appellee.

No. 9024.

Court of Civil Appeals of Texas, Amarillo.

June 22, 1979.

Rehearing Denied July 18, 1979.

Henry M. Wade, Dist. Atty., Giles E. Miller, Asst. Dist. Atty., Dallas, for appellant.

Andrew R. McCulloch, Dallas, for appellee.

DODSON, Justice.

The State of Texas obtained a judgment against U.T.L. Aeronautics, Inc., for delinquent personal property taxes, penalty, interest, and costs in Cause No. CC–76–4699–a in County Court at Law No. One of Dallas County, Texas. A writ of execution was ordered and was returned *nulla bona.*[1]

In a separate suit, Cause No. CC–77–6269–a, the State filed a Bill of Discovery to obtain, through oral interrogatories, the location and nature of all property owned or claimed by U.T.L. Aeronautics. On motion of the State, the court ordered the Bill of Discovery dismissed without prejudice. Costs were taxed to the State. The State appeals on the sole ground that the trial court erred in taxing it with costs.

The State predicates its appeal on Tex. Rev.Civ.Stat.Ann. art. 7297 (Vernon 1960). This statute provides, in part, that:

> The district or county attorney of the respective counties of this State, by order of the commissioners court, shall institute suit in the name of the State for recovery of all money due the State and county as taxes due and unpaid on unrendered personal property; *and in all suits where judgments are obtained under this law, the person owning the property on which there are taxes due the State and county shall be liable for all costs. The State and county shall be exempt from liability for any costs growing out of such action* (emphasis added).

This language exempts the State from liability for any costs growing out of an action to secure a judgment for recovery of taxes due and unpaid on unrendered personal property. *See Nacogdoches Independent School District v. McKinney*, 513 S.W.2d 5 (Tex.1974); *City of Waco v. Owens*, 442 S.W.2d 324 (Tex.1969); *Electra Independent School Dist. v. Waggoner Estate*, 140 Tex. 483, 168 S.W.2d 645, 653 (Tex.Comm'n App.1943, opinion adopted).

The State maintains, in effect, that article 7297 exempts it from liability for costs in a proceeding indirectly related to a suit for recovery of delinquent taxes. We disagree. In the case at bar, the State has not been taxed with costs growing out of its suit to recover due and unpaid taxes from U.T.L. Aeronautics. Rather the State has been charged with costs stemming from a separate and distinct suit against U.T.L. Aeronautics to obtain discovery. Such a suit does not fall within the statutory exemption of article 7297.

The State also relies on Tex.Rev.Civ.Stat. Ann. art. 7333 (Vernon 1960). This statute relates to fees that shall be taxed as costs against lands to be sold under a judgment for taxes and is not applicable to the case at bar.

We conclude that the trial court properly assessed costs against the State in its suit for discovery. Where the State enters the court as a litigant and does not come within a statutory exception, it places itself upon the same basis as any other litigant and costs may be taxed against it. *City of Amarillo v. Paramount Terrace Christian Church of Amarillo*, 530 S.W.2d 323, 324 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Glass v. Great Southern Life Ins. Co.*, 170 S.W.2d 247, 249 (Tex.Civ.App. —Galveston 1943, writ ref'd w. o. m.).

The order of dismissal taxing costs against the State is affirmed.

COUNTISS, J., not participating.

---

1. We accept as correct these unchallenged statements of appellant regarding the facts and record in this case. Tex.R.Civ.P. 419.