**STATE of Texas, Petitioner,**

v.

**U. T. L. AERONAUTICS, INC.,
Respondent.**

**No. B–8756.**

Supreme Court of Texas.

Nov. 21, 1979.

Henry Wade, Dist. Atty., Charles Bowling and Giles E. Miller, Asst. Dist. Attys., Dallas, for petitioner.

Andrew R. McCulloch, Dallas, for respondent.

PER CURIAM.

The State of Texas sued U.T.L. Aeronautics, Inc., for delinquent personal property taxes and recovered a judgment for $1,016.26 plus costs. To satisfy this judgment, a writ of execution issued, but it was

returned *nulla bona.* Believing that U.T.L. Aeronautics owned sufficient property to pay the judgment, the State, pursuant to Rule 737, Tex.R.Civ.P., brought a bill of discovery suit, in which it sought the right to examine U.T.L. Aeronautics upon oral interrogatories to determine the nature and location of all of U.T.L. Aeronautics' property.

The State later moved the trial court to dismiss the bill of discovery suit without prejudice. The trial court granted the motion, but it ordered that the costs of the discovery suit be taxed against the State. The State appealed this order to the court of civil appeals for the Seventh Supreme Judicial District. That court affirmed. 584 S.W.2d 46.

Article 7297, Tex.Rev.Civ.Stat.Ann., exempts the State from liability for all costs growing out of a suit to recover taxes. It provides:

> The district or county attorney . . . shall institute suit in the name of the State for the recovery of all money due the State and county as taxes due and unpaid on unrendered personal property . . . . The State and county shall be exempt from liability for all costs growing out of such action. * * *

The court of civil appeals held that the costs arising out of the bill of discovery suit did not grow out of the suit to recover taxes. It is our opinion that the State's action grows out of and is grounded upon its judgment in the prior suit for taxes and relates solely to the enforcement of that judgment. But for the prior judgment, there would be no basis for the State's bill of discovery suit. The judgment of the court of civil appeals is contrary to article 7297.

We grant the application for writ of error; and, without hearing oral argument, we reverse the judgments of the trial court and of the court of civil appeals and render judgment exempting the State from bearing the court costs of its bill of discovery suit. Rule 483, Tex.R.Civ.P.