

# The Attorney General of Texas

March 19, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Patricia A. Elliott
Criminal District Attorney
Taylor County Courthouse
Abilene, Texas   79602

Opinion No. MW-308

Re:  Collection of fees from city,
school district, and water district
for filing abstract of judgment

Dear Ms. Elliott:

When a plaintiff recovers a favorable judgment in a suit for the collection of delinquent taxes, he may place a lien upon the property of the judgment debtor by securing an abstract of judgment, see article 5447, V.T.C.S., and by filing it in the real property records in the office of the county clerk of the county in which the property is located.  The property thereby becomes encumbered in favor of the judgment creditor.  You have asked whether the city of Abilene, the Abilene Independent School District, and the West Central Texas Municipal Water District are liable for the payment of the $3.00 fee charged by the Taylor County clerk for recording abstracts of judgment.  The taxing authorities assert that this fee is included among the court costs mandated by article 3930b, V.T.C.S., and, therefore, that article 7297, V.T.C.S., exempts them from having to pay it.

Article 5447, V.T.C.S., provides that:

> Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out. . . and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment. . . .

Statutory authority for the $3.00 fee charged by the county clerk for recording abstracts of judgment in the real property records of the county is conferred by article 3930(2)(a), V.T.C.S.

Article 7297, V.T.C.S., provides that district or county attorneys shall:

> . . . institute suit in the name of the State for recovery of. . . taxes due and unpaid on unrendered personal property; and in all suits where judgments are obtained under this law, the person owning the property on which there are taxes due. . . shall be

> liable for all costs. The State and county shall be exempt from liability for any costs growing out of such action. (Emphasis added).

This exemption also applies to school districts and municipal corporations which are authorized to levy and collect their own taxes. V.T.C.S. article 1060a.

Article 3930b, V.T.C.S., sets forth various fees to be charged by county clerks and clerks of county courts for services rendered in causes of action on the docket of the county court.

It is well established that article 7297 exempts the aforementioned taxing authorities from liability for payment of court costs in suits for the collection of delinquent taxes. Nacogdoches Independent School District v. McKinney, 513 S.W. 2d 5 (Tex. 1974); Electra Independent School District v. W.T. Waggoner Estate, 168 S.W. 2d 645 (Tex. 1943); City of Houston v. McCarthy, 371 S.W. 2d 587 (Tex. Civ. App. - Houston 1963, writ ref'd n.r.e.); South Lake Independent School District v. Easterling, 142 S.W. 2d 237 (Tex. Civ. App. - Beaumont 1940, writ ref'd). The Texas Supreme Court has recently held that this exemption also applies to court costs arising in a bill of discovery suit initiated as an aid to the enforcement of a prior delinquent tax judgment. State v. U.T.L. Aeronautics, Inc., 590 S.W. 2d 120 (Tex. 1979). In that case, the court observed that:

> It is our opinion that the State's action grows out of and is grounded upon its judgment in the prior suit for taxes and relates solely to the enforcement of that judgment. But for the prior judgment, there would be no basis for the State's bill of discovery suit.

590 S.W. 2d at 121.

It is urged in an accompanying brief that the need for filing an abstract of judgment in the records of the county clerk also exists solely by virtue of the prior tax judgment. In other words, but for the judgment in the delinquent tax suit, there would be no basis for securing and filing an abstract of judgment in order to encumber the judgment debtor's property. Accordingly, the recording fee — which, it is contended, is included among the costs to be taxed upon the initial filing of the suit under article 3930b — is a cost which "grows out of" the cause of action within the meaning of article 7297. The quoted passage from State v. U.T.L. Aeronautics, Inc., supra, is relied upon as authority for this proposition.

In our opinion, however, this argument is without merit. Article 3930b neither explicitly nor, we think, implicitly provides that a fee charged by a county clerk for recording an abstract of judgment in the county records is to be included among the costs to be taxed upon the initial filing of a suit for the collection of delinquent taxes. See section 2(a). We do not think the legislature intended for the article 7297 exemption to apply to fees for services performed during the course of a taxing authority's efforts to implement the post-judgment enforcement option of placing a

lien on a judgment debtor's property through the filing of an abstract of judgment in the county records. See Attorney General Opinion WW-658 (1959).

State v. U.T.L. Aeronautics, Inc., supra, does not compel a different conclusion. That case merely held that the costs arising out of a bill of discovery suit brought by the state to determine whether a corporation had sufficient property to satisfy a prior delinquent tax judgment related solely to the enforcement of that judgment and therefore grew out of the judgment within the meaning of article 7297. It furnishes no authority for an argument regarding fees involved in exercising a post-judgment enforcement option which does not involve litigation.

We therefore conclude that the fee charged by the Taylor County clerk for recording abstracts of judgment in the county records is not part of the "costs growing out of" the original delinquent tax suit within the meaning of article 7297, V.T.C.S., and, accordingly, that the three aforementioned taxing authorities are not exempt from liability for payment of it.

## S U M M A R Y

Article 7297, V.T.C.S., does not exempt the city of Abilene, the Abilene Independent School District, and the West Central Texas Municipal Water District from liability for payment of the fee charged by the Taylor County clerk for recording abstracts of judgment in delinquent tax suits in the real property records of Taylor County.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Jon Bible
Rick Gilpin