## HOUTCHENS v. STATE.

Motion No. 11542; No. 1706—6231.

Commission of Appeals of Texas, Section A.
Oct. 19, 1934.

Frank A. Ogilvie, of Fort Worth, for the State.

CRITZ, Judge.

This is a disbarment proceeding which was instituted in the district court of Tarrant county, Tex., in the name of the state of Texas against S. F. Houtchens, a practicing attorney of such county. The proceeding was filed under the provisions of article 313 et seq., R. C. S. 1925. The statutes directly involved are articles 313, 314, 315, and 316. These articles read as follows:

"Art. 313. Any attorney at law who shall be guilty of barratry or any fraudulent or dishonorable conduct or malpractice, may be suspended from practice, or his license may be revoked by the district court of the county in which such attorney resides or where the act complained of occurred, regardless of the fact that such act may constitute an offense under the Penal Code of Texas, and regardless of whether he is being prosecuted or has been convicted for the violation of such penal provision.

"Art. 314. The judge of any court, a practicing attorney, a county commissioner or justice of the peace may file with the clerk of the district court a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law.

"Art. 315. Upon the filing of such complaint, or upon its own observance of such conduct, such district court shall order the attorney to be cited to show cause why his license shall not be suspended or revoked. If the citation be ordered upon the observation of the court, the charge and the grounds thereof shall be set out distinctly in the order of the court. Such citation shall be served upon defendant at least five days before the trial day.

"Art. 316. Upon the return of said citation executed, if the defendant appear and deny the charge, the cause shall be docketed for trial and conducted in the name of the State of Texas against the defendant. The county or district attorney shall represent the State. A jury of twelve men shall be impaneled, unless waived by the defendant. If the attorney be found guilty, or if he fail to appear and deny the charge after being duly cited, the said court, by proper order entered on the minutes, may suspend his license for a time, or revoke it entirely, and may also give proper judgment for costs."

The complaint provided by article 314, supra, was signed by six practicing attorneys of the Tarrant county bar. Trial in the district court resulted in a judgment of disbarment against Houtchens. This judgment adjudged all costs against him. On appeal by Houtchens, the above judgment was affirmed by the Court of Civil Appeals. This court granted writ of error on application of Houtchens, and on final hearing reversed the judgments of the two lower courts, and remanded the cause to the district court for a new trial. The opinion of this court did not direct how the costs of appeal should be taxed. The judgment as actually entered on the minutes expressly adjudges costs against the six attorneys who signed the complaint. All the foregoing proceedings transpired at a former term of this court.

At this, the succeeding term of court, the six attorneys who signed the complaint against Houtchens have filed motion herein to retax the costs.

██ We are of the opinion that, under the above statutes, the attorneys who signed the complaint against Houtchens in the district court were and are in no sense parties, as

such, to this suit. They were and are merely of the class of officers provided by law to make the complaint, and by doing so they did not make themselves parties to the litigation, or liable in any way for costs. By the express provisions of article 314, only certain officers can make the complaint. If it is made by the judge of a court, a county commissioner, or a justice of the peace, it is made by a public officer. If it is made by an attorney, it is made by an officer of the court. In any event it is made by an officer. If the complaint had been made by a judge of a court or any one of the other public officers provided in article 314, certainly no court would hold such officer a party to the litigation, or liable for costs. We think an attorney who signs the complaint is in no different attitude. All officers prescribed by the statute as competent to make the complaint are, in law, in the same attitude as regards the proceeding.

When we come to examine the succeeding articles bearing on the question under discussion, all doubt is removed. Article 315 provides for citation on the complaint provided in article 314 by order of the district court. This article also provides that the court may himself begin the proceedings without a complaint under certain circumstances. By the express terms of article 316, the cause is docketed for trial in the name of the state of Texas against the accused attorney. The undoubted legal effect of this provision is to, by statutory enactment, define who are the litigants. The state is made the party plaintiff, and the accused attorney the party defendant. This article then expressly provides that the county or district attorney shall represent the state. Nowhere in any of the statutes bearing on the subject is the signer of the complaint given any control over the litigation or defined as a party thereto.

From what has been said it plainly appears that the minutes of this court show a judgment for costs against persons not parties to this litigation. This court never rendered or intended to render such a judgment. It was intended that the costs should be adjudged against the state. This being true, it is proper, even at this a succeeding term of court, to correct the minutes and make them show the judgment this court intended to render. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355.

It is ordered that the minutes of this court in this cause be corrected as above indicated. It is further ordered that the mandate issue forthwith, when applied for by the state, without the advance payment of costs.

Opinion adopted by the Supreme Court.