### IBANEZ et ux. v. STATE.

### No. 3690.

Court of Civil Appeals of Texas. El Paso.
June 2, 1938.

On Motion for Mandate Jan. 12, 1939.

W. H. Fryer and Coyne Milstead, both of El Paso, for appellant.

Roy D. Jackson, District Attorney, and Theodore Andress, both of El Paso, for the State.

### PER CURIAM.

This is a motion by the State of Texas, acting through the District Attorney of the 34th Judicial District, asking the Court to direct the Clerk to issue and deliver to appellee, the State of Texas, a mandate without the payment of costs. The appeal was from a judgment in favor of the State against Desiderio Ibanez and wife setting aside a deed to certain property in El Paso County, Texas and foreclosing a judgment lien thereon. This Court reversed the judgment of the trial court and remanded the cause. Appellee relies upon the opinion of this Court in Pope et al. v. State et al., 56 S.W.2d 492, a suit for taxes in which judgment in favor of the State was reversed and the cause was remanded under the general rule providing for costs to be adjudged against defendants in error. That case was controlled by Article 7333 of the Revised Civil Statutes which provides that in suits for delinquent taxes neither the State nor County shall be liable for costs. The language of the opinion was more general than was called for by the facts. In Republic Insurance Co. v. Highland Park Independent School District of Dallas County, 57 S.W.2d 627, decided by this Court, it was held that costs were not taxable against a school district, but the holding was based expressly upon Articles 7337, 7343, 7333 and 7297 of the Revised Civil Statutes of 1925. In the class of cases here involved a different rule obtains. It was necessary for appellants to pay certain costs in order to prosecute their appeal. They have prosecuted their appeal with effect, and the principle stated in Reed v. State, Tex.Civ.App., 78 S.W.2d 254 controls. It is there held that where the State enters the courts as a litigant it places itself upon the same basis as any other litigant and costs may be taxed against it as against any other litigant. In Houtchens v. State, 74 S.W.2d 976, though

the Supreme Court ordered the mandate to issue without "advance payment of costs" [page 977], it was held that it was proper to adjudge the costs against the State. Following the precedent there established, this Court orders that the judgment awarding costs against the State shall remain in effect, but that the mandate shall issue without advance payment of the costs.