

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN      AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Contorl Board
Austin, Texas

Dear Sir:            Opinion No. 0-2724
                     Re:   Authority of Texas Liquor Control
                            Board to pay court costs in injunc-
                            tion suits.

      Your request for opinion has been received and care-
fully considered by this department. We quote from your let-
ter of request as follows:

      "As you are no doubt aware, this Board fre-
quently calls upon your office to file injunction
suits to restrain offenders against the State
Liquor Law from further violations and, where
circumstances warrant, to padlock affected prem-
ises. These suits are all, of course, brought
under the provisions of the Texas Liquor Control
Act, Sections 29 and 42, Article I, and Section
27, Article II.

      "Instances have arisen where the State has
succeded in obtaining permanent injunctions and
costs in the cases assessed against defendants
who have been unable to pay such costs. This
situation has brought about considerable complaint
on the part of local officers as to the practice
of the State in filing these injunctive proceedings
without guarantee of costs and has proven a decid-
ed handicap in the prosecution of cases in various
sections of the State.

      "We have an appropriation included in our
current budget providing for court costs and wit-
ness fees, which it was anticipated would be re-
quired in the prosecution of these suits. The
prosecution of injunction suits is an extremely
important function and vital to the enforcement
of the Texas Liquor Control Act. In those in-
stances where it is impossible to collect the
costs from the defendants it is desired to pay
such costs from our available appropriation, in

order to facilitate the ready prosecution of
these types of cases.

"Your opinion is respectfully requested as
to whether the Board has legal authority to
guarantee and to pay locally uncollectible court
costs in these injunction suits."

Section 29 of Article 666, Vernon's Annotated
Texas Penal Code, reads as follows:

"Any room, building, boat, structure, or
place of any kind where liquor is sold, manufac-
tured, bartered, or given away in violation of
this Act, or of any rule, or regulation of the
Board, or where persons are permitted to resort
for the purpose of drinking liquor in violation
of the law, or any place where such beverages
are kept for sale, barter, or gift in violation
of law, and all liquor and all property kept and
used in said place, hereby are declared to be a
common nuisance and any person who maintains
or assists in maintaining such common nuisances,
shall be guilty of a violation of this Act. Any
county, or district attorney, or the Board, or
any agent or employee of this Board in the
county where such nuisance exists, or is kept,
or maintained, may maintain an action by injunc-
tion in the name of the State, or the Board to
abate and to temporarily and permanently enjoin
such nuisances. Such proceedings shall be guided
by the rules of other injunction proceedings, ex-
cept that the plaintiff shall not be required to
give bond in such action and upon final judgment
against the defendant the Court shall order that
said room, house, building, structure, boat,
or place of any kind shall be closed for a
period of one year, or closed for a part of said
time and until the owner, lessee, tenant, or
occupant thereof shall give bond with sufficient
surety, to be approved by the Court making the
order, in the penal sum of not less than One
Thousand Dollars ($1,000) payable to the State,
and conditioned that liquor will not thereafter
be manufactured, possessed, sold, bartered, or
given away, or furnished, or otherwise disposed
of therein, or kept thereon, or therein, with the
intent to sell, barter, or give away, or other-
wise dispose of same contrary to law, and that
he will pay all fines, costs, and damages assessed

against him for any violation of this Act. If any conditions of such bond be violated the whole a-mount may be recovered as a penalty for the use of the county wherein the premises are situated."

Section 27 of Article 667, Vernon's Annotated Texas Penal Code, reads as follows:

"Upon having called to his attention by affidavit of any credible person that any person is violating, or is about to violate, any of the provisions of the Texas Liquor Control Act or if any permit or license was wrongfully issued, it shall be the duty of the Attorney General, or the District or County Attorney, to begin pro-ceedings to restrain any such person from the threatened or any further violation, or opera-tion under such permit or license, and the Dis-trict Judge shall have authority to issue re-straining orders without hearing, and upon notice and hearing to grant injunction, to prevent such threatened or further violation by the person complained against, and may require the person complaining to file a bond in such amount and con-taining such conditions and in such cases as the Judge may deem necessary. Upon any judgment of the Court that violation of any restraining order or injunction issued hereunder has occurred, such judgment shall operate to cancel without further proceedings, any license or permit held by the person who is defendant in the proceedings, and no license or permit shall be reissued to any person whose license or permit has been so can-celled, revoked, or forfeited within one year next preceding the filing of his application for a new license or permit. It shall be the duty of the District Clerk to notify the County Judge of the county wherein was issued any license or permit so cancelled, and to notify the Board of any judgment of a Court which may operate here-under to cancel a license or permit."

Article 2072, Vernon's Annotated Texas Civil Sta-tutes, reads as follows:

"No security for costs shall be required of the State or of any incorporated city or town in any action, suit or proceeding, or of an executor, administratior or guardian appointed by a court of this State in any suit brought by him in his fiduciary character."

Article 2052, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Each party to a suit shall be liable for all costs incurred by him. If the costs cannot be collected from the party against whom they have been adjudged, execution may issue against any party in such suit for the amount of costs incurred by such party, but no more."

11 Texas Jurisprudence, Costs - Section 40, pages 292-3, reads in part as follows:

"It is enacted that each party to a suit shall be liable for all costs 'incurred' by him. Accordingly it has been held that an item of costs is not taxable unless it has been 'incurred' by the party sought to be charged therewith. The word 'incurred' as used in the above enactment has been held to mean 'brought on,' 'ocasioned' or 'caused.' A party may be said to have 'incurred' the costs if they are the necessary and contemplated result of his conduct in the proceeding, such as the costs incurred by a plaintiff suing a minor for the services of a guardian ad litem, and the issuance and service of all process requisite to bring the defendants before the court. But expenses which may or may not be necessary for a defendant to incur in order to present and protect his rights - such as fees to clerks, sheriffs and other ministerial officers, witness fees, and other like items - though remotely induced by the fact that a suit is brought, may not, however, be said to have been 'incurred' by the plaintiff."

We quote from the case of Reed vs. State, 78 SW (2d) 255 (Austin Court of Civil Appeals), (Writ of error dismissed), as follows:

"The unpaid costs in said case were taxed against the state. No contention is made that such costs are unreasonable nor that they were not authorized. The Attorney General by cross-assignment contends, however, that no authority exists in law for taxing costs against the state, whether it be plaintiff or defendant, or whether it be sucessful or not. That seems to be the conclusion reached by the El Paso Court of Civil Appeals in Pope v. State, 56 S.W.

(2d) 492, following the general rule announced in 59 C. J. 332, and 25 R.C.L. 418. It has been the uniform custom, however, where the state has been a proper party to a suit, to tax costs against it as against any other litigant. Necessarily, payment thereof must await appropriations of funds for that purpose by the Legislature, but such appropriations have habitually been made by each Legislature for many years. The right and propriety of taxing such costs against the state as a party litigant is, we think, conclusively foreclosed by the Supreme Court in Houtchens  v. State, 74 S.W. (2d) 976; that being an opinion on motion to tax the costs against the state and the only issue there presented.

"The general rule is that, when the state enters the courts as a litigant, it places itself on the same basis as any other litigant. While granted immunities not available to litigants generally, e. g., the right to be sued only with its consent, not required to give bond, freedom form execution against it, etc., with the ever-increasing number of suits to which the state is a party, frequently upon its own initiative, it would be a harsh rule to say that the officers of the court should be compelled to render to the state without compensation indispensable services, no matter how onerous they might be....."

The departmental appropriation for the current biennium shows the following appropriation for court costs, etc. for the Texas Liquor Control Board, same being Section 9 under the heading "Maintenance and Miscellaneous", to-wit:

"For the years ending
August 31, 1940    August 31, 1941

".............

"9.  Court costs, Witness fees and
     Contingent Expenses..........$2700.00    $2700.00"

Of course, the Texas Liquor Control Board is not required to give bond for costs and execution for costs can not be levied against it, as it is a State agency. It is also fundamental law that the Texas Liquor Control Board cannot expend money without an appropriation made therefor by the Legislature.

However, it is the opinion of this department that the Texas Liquor Control Board is authorized to pay court costs <u>incurred by it</u> in injunction suits brought under the Texas Liquor Control Act, in cases where costs cannot be collected from defendants as outlined in your letter, provided such expenditure is within the appropriations set out above.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:wc

APPROVED SEP 25, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman