

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 19, 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M- 341

Re: Authority for payment of overtime in cash to state employees covered by Federal Wage and Hour Laws.

Dear Mr. Calvert:

Your request for an opinion on the above subject matter poses the following questions:

The United States Supreme Court in Maryland v. Wirtz, 88 S.Ct. 2017 (1968), held that the 1966 amendments to the Fair Labor Standards Act as they applied to employees of states were valid. Therefore, such amendments constitute pre-existing law within the meaning of Section 44 of Article III of the Constitution of Texas, authorizing the legislature to make appropriations to pay employees of the state covered by the Fair Labor Standards Act, and to pay at a higher rate for overtime work.

However, Section 6 of Article VIII of the Constitution of Texas provides that no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law. Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216 (1938); Texas Department of Public Safety v. Morris, 426 S.W.2d 290 (Tex.Civ.App. 1968); Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898); Lightfoot v. Lane, 104 Tex. 447, 140 S.W. 89 (1911). In Manion v. Lockhart, supra, the court held that funds wrongfully deposited in the general revenue fund of the state could not be withdrawn from the Treasury except pursuant to a specific appropriation, in view of the provisions of Section 6 of Article VIII, Constitution of Texas.

In Texas Department of Public Safety v. Morris, supra, the court stated:

"In its judgment the trial court recited as a ground for the rendition of the judgment

- 1682 -

the failure of the Department to pay costs adjudged against it by this Court on a former appeal. We do not approve this portion of the trial court's judgment. The Department is prohibited from making any payment except in pursuance of a specific appropriation of funds by the legislature by Article VIII, Section 6, of the Texas Constitution. . . . Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (Tex. 1898).

"While the costs were properly taxed against the Department, payment can only be made from funds appropriated for that purpose by the legislature, and the State, or an agency thereof, will not be penalized by its inability or failure to make such payments. Houtchens v. State, 74 S.W.2d 976 (Tex.Com. App. 1934, opinion adopted); Ibanez v. State, 123 S.W.2d 704 (Tex.Civ.App., El Paso 1939) Reed v. State, 78 S.W. 2d 254 (Tex.Civ.App., Austin 1934), error dismissed."

Therefore, while employees of the state covered by the Fair Labor Standards Act of Congress will have a valid claim against the state for the payment of overtime in cash; nevertheless, before such payment may be made, the legislature must appropriate money for said purpose. The current General Appropriations Act (House Bill 5, Acts 60th Legislature, 1st Called Session 1968) does not contain an appropriation from which overtime pay may be made. Subdivision e of Section 2 of Article V of the General Appropriations Act provides as follows:

"e. OVERTIME. In order to reimburse employees for work performed in excess of forty (40) hours in any one week, it is required that compensatory time be granted at the rate of 1 1/2 times the overtime performed within the same month (pay period) that said overtime was accrued. In the case of hospital employees, said employees shall be reimbursed with compensatory time at the rate of 1 1/2 times the overtime accrued in excess of eighty (80) hours over a fourteen (14) day consecutive period.

"This provision shall not apply to medical personnel and employees employed in a bona fide

executive, administrative or professional capacity, including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools. Compensatory time for those employees excepted from this provision shall be determined by the Administrator of the agency or institution involved."

While the above quoted provisions of the General Appropriations Act authorize compensatory time to be granted for work performed overtime, such provision does not authorize the withdrawal of additional money from the state treasury to pay such overtime claims.

Therefore, you are advised that payment of overtime in cash to state employees is not permitted in the absence of a specific appropriation for said purpose. Individuals covered by the 1966 Congressional amendment to the Fair Labor Standards Act do have a valid claim against the State for the amount of money due them for overtime work performed.

## S U M M A R Y

Payment of overtime in cash to state employees covered by the 1966 Congressional Amendment to the Fair Labor Standards Act is not authorized since the legislature has not made an appropriation for the payment of such. Article VIII, Section 6, Constitution of Texas. Such individuals have a claim against the State for the payment of such overtime pay.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hon. Robert S. Calvert, page 4 (M-341)


Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Malcolm Quick
Arthur Sandlin
Lonny Zwiener
Bob Crouch

W. V. GEPPERT
Staff Legal Assistant