In the Matter of D____ H____, a child.

No. 5807.

Court of Civil Appeals of Texas, Waco.

Sept. 29, 1977.

Rehearing Denied Oct. 27, 1977.

John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., David H. Young, Asst. Atty. Gen., Austin, for appellant.

John E. Hawtrey (Attorney Ad Litem), Seymour & Hawtrey, Bryan, Sarah L. D. Ryan, Bryan, Child Services Atty., for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by the Texas Department of Human Resources (formerly Texas Department of Public Welfare) from that portion of a judgment requiring it to pay the balance of the Devereaux Foundation's monthly charge over ($180.) for the care and keeping of D_____ H_____, a juvenile.

The Juvenile Court attorney of Brazos County on behalf of the State of Texas filed petition alleging D_____ H_____, a child 14 years of age, whose managing conservator was the Texas Department of Public Welfare, to be in need of supervision. The trial court found the child to have engaged in conduct indicating a need for supervision, and on June 28, 1977 rendered disposition order placing the child in the custody of the Devereaux Foundation at Victoria, Texas and placing her on probation for one year, subject to extensions until the child is 18 years of age.

The trial court ordered Brazos County to pay $180. per month to the Devereaux Foundation, and further ordered the Texas Department of Public Welfare to pay the "monthly charges remaining after the $180. per month has been paid" (which amounts to $1020. per month).

The Texas Department of Human Resources (formerly the Texas Department of Public Welfare) appeals from that portion of the judgment requiring it to pay for support of the child in the Devereaux Foundation, asserting the trial court erred in ordering such support, because it cannot constitutionally or statutorily comply with such judgment.

The Department asserts: 1) Money cannot be expended from the State Treasury without both a specific appropriation and a pre-existing law authorizing the expenditure; and 2) There is neither a specific appropriation, a pre-existing law, nor the statutory ability to authorize expenditure of money to place the child in the Devereaux Foundation.

The Texas Constitution provides in Article 8, Section 6 "No money shall be drawn from the Treasury but in pursuance of specific appropriation made by law"; and further Article 3, Section 44 provides: "The Legislature * * * shall not * * * grant, by appropriation or otherwise, any amount of money, out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law * * *".

The record reflects that there is no appropriation authorizing a State expenditure to place D_____ H_____ in substitute care. And Section 70 of the appropriation of the 65th Legislature (1977) provides:

"None of the funds appropriated by this Act may be expended for payment of any judgment obtained against the State of Texas or any State Agency, except where it is specifically provided in an item or items of appropriation that the funds thereby appropriated may be used for the payment of such judgments".

We think the trial court erred in requiring the State Department of Public Welfare to pay the $1020. per month to the Devereaux Foundation for the care of D_____ H_____. The record reflects Devereaux will not accept the child unless payment of their charges in the amount of $1200. per month are made.

Having found error in the judgment, we reverse the judgment and remand the case in the interest of justice. *Morrow v. Shotwell*, S.Ct., 477 S.W.2d 538; *Scott v. Liebman*, S.Ct., 404 S.W.2d 288. Accordingly, the case is remanded to the trial court in its entirety, so that the trial court may decree a disposition in D_____ H_____'s case which can be lawfully financed.

REVERSED AND REMANDED.