The STATE of Texas by Phil REYNA, Criminal District Attorney of McLennan County, Texas, Appellant,

v.

Billy GOLDBERG, Chairman of the State Convention of the Democratic Party of the State of Texas, et al., Appellees.

No. 6256.

Court of Civil Appeals of Texas, Waco.

Sept. 3, 1980.

Rehearing Denied Sept. 5, 1980.

Phil Reyna, Criminal Dist. Atty., Pat Beard, Beard & Kultgen, Tom Ragland, Clark, Gorin, McDonald, Ragland & Mangrum, Waco, for appellant.

David Bolduc, Law Office of David Bolduc, Mark White, Atty. Gen. of Texas, John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Paul R. Gavia, Chief Asst. Atty. Gen., State and County Affairs Div., James P. Allison, Asst. Atty. Gen., Austin, Tom Moore, Jr., Waco, Shannon H. Ratliff, James R. Raup, McGinnis, Lochridge & Kilgore, Austin, for appellees.

## OPINION

JAMES, Justice.

This is a suit by the State of Texas to enjoin the Chairman and Secretary of the State Convention of the Democratic Party and the Secretary of State of Texas from certifying Michael J. McCormick as the nominee of the Democratic Party for the office of Judge of the Court of Criminal Appeals, Place Two, to enjoin the County Clerk of McLennan County, Texas, from placing Mr. McCormick's name on the General Election ballot in said county, to remove the said Mr. McCormick from said office in the event he is elected to same prior to final judgment herein, and for a declaratory judgment declaring Mr. McCormick ineligible to hold said office. Trial was to the court without a jury after which judgment was rendered denying Plaintiff any of the relief sought, from which Plaintiff appeals. We affirm.

Plaintiff–Appellant State of Texas comes to this court on 4 points of error, in essence asserting the trial court erred in failing to enjoin the State Chairman and State Secretary of the Democratic Party of Texas, and the Secretary of State from certifying Michael J. McCormick as being the nominee of the Democratic Party for the office of Judge of the Court of Criminal Appeals, Place Two, and in failing to enjoin the County Clerk of McLennan County from placing and causing to be placed the name of Mr. McCormick upon the 1980 general election ballot in McLennan County for the

above–named office, and in failing to render declaratory judgment adjudging and declaring Mr. McCormick ineligible as a candidate for said office in the 1980 general election. We overrule all of Plaintiff–Appellant's points and contentions and affirm the trial court's judgment.

The trial court filed findings of fact and a single conclusion of law, which are in the record before us. The record also contains a complete statement of facts. Many of the findings of fact are assailed by Appellees as being without legal or factual support in the evidence, but we need not discuss those contentions because the findings, some based upon undisputed evidence and the remainder based on disputed evidence, are not controlling on the ultimate question of Appellee McCormick's eligibility for the office in question, which was determined by the trial court in McCormick's favor.

Article 5, Section 4 of the State Constitution of Texas provides that Judges of the Court of Criminal Appeals shall have the same qualifications as the Justices of the Supreme Court. Article 5, Section 2 of said Constitution in its pertinent parts provides:

"_ _ _ _ _ _ _ _. No person shall be eligible to the office of Chief Justice or Associate Justice of the Supreme Court unless he be, at the time of his election, a citizen of the United States and of this state, and unless he shall have attained the age of thirty–five years, and shall have been a *practicing lawyer*, or a lawyer and judge of a court of record together *at least ten years*. _ _ _ _ _ _ _ _ _ _ _ _ _." (emphasis supplied).

The precise question we are called upon to determine is whether or not Michael J. McCormick, as of Tuesday, November 4, 1980, the date of the General Election, will have been for at least ten years prior thereto a "practicing lawyer" within the meaning of the constitutional provision hereinabove quoted. We are of the opinion and hold that this record amply establishes that Mr. McCormick has been a practicing lawyer continuously from and after September 18, 1970, the date he received his

law license, until the time the case was tried (August 8 through 11, 1980), and at the time of trial he was engaged in employment and work which would qualify him as a practicing lawyer until November 4, 1980, the date of the General Election.

From the time Mr. McCormick received his law license (September 18, 1970) to the time of trial, (August 8 through 11, 1980) the undisputed evidence shows that he paid his dues to the State Bar of Texas each year; that except for the year 1970, he was shown as a lawyer in the Austin telephone book, the Texas Legal Directory, and in the Martindale–Hubbell Legal Directory; and that he showed his profession to be "Attorney" on all of his income tax returns from the year 1970 and thenceforward.

We will not proceed to discuss in more detail the nature of activity in which Mr. McCormick engaged, which we believe would cause him to be a practicing lawyer during the time in question. There are five time periods to be considered as follows, to wit:

(1) From September 18, 1970 to July 1, 1971, said period beginning from the time Mr. McCormick got his law license and covering his service as briefing attorney for the Court of Criminal Appeals. Appellant contends that Mr. McCormick was not a practicing lawyer during this time.

(2) From July 1, 1971 to January 1, 1979, Appellant makes no contest covering this period. Moreover, the trial court made no findings of fact covering the eight–year period from January 1, 1971, to January 1, 1979.

(3) From January 1, 1979 to February 1, 1980, during which time Mr. McCormick was Executive Director of the District and County Attorney's Association of Texas. Appellant contends that Mr. McCormick was not a practicing lawyer during this period.

(4) From February 1, 1980 to May 1, 1980, the time during which Mr. McCormick conducted a political campaign in behalf of his candidacy for Judge of the Court of Criminal Appeals, Place Two. Appellant

asserts that Mr. McCormick was not a practicing lawyer during this period.

(5) From May 1, 1980 until November 4, 1980, said last–named date being the date of the general election. Appellant makes no challenge as to Mr. McCormick being a practicing lawyer during this period.

Our discussion therefore will concentrate primarily upon those periods of time hereinabove set out in which Appellant asserts that Mr. McCormick was not a practicing lawyer, and not much time will be devoted to those periods of time wherein Appellant raises no question, except to show the continuity of law practice on the part of Mr. McCormick.

On September 18, 1970, he received his law license, at which time he was a briefing attorney for the Court of Criminal Appeals; he worked for Judge Leon Douglas, briefing cases, analyzing statutory law, reviewing records of criminal proceedings, advising with Judge Douglas regarding legal questions and factual situations in a legal context, and drafting opinions; in other words, he did substantially the same type of work the Judges on said court did, with the exception that he did not make any final decisions on cases that came before said court. He served as such briefing attorney until July 1, 1971. The Court of Criminal Appeals had a policy whereby each Judge would determine whether his briefing attorney was permitted to practice law on the side; Judge Douglas's policy toward Mr. McCormick was that Mr. McCormick was permitted to practice law as long as it did not conflict with his duties as briefing attorney. During this time in which Mr. McCormick served as briefing attorney, he had stationery letterheads printed showing, "Michael J. McCormick, Attorney at Law", showing his home address in Austin, Texas; during this period of time, he conducted a private practice which included representing some of the other briefing attorneys in Austin Municipal Court, wherein he tried at least one jury case; he commenced work on a lengthy probate matter, to wit: the Frank Laughlin Estate, he wrote wills, he handled a suit for accounting, he represent-

ed a Major Stockton in some legal matters, examined oil leases, and handled all the legal affairs of his father. The evidence in connection with this phase of Mr. McCormick's career was presented through Mr. McCormick's testimony corroborated by Hon. Jim Vollers, a former Judge of the Court of Criminal Appeals and a former State's Attorney for said court, plus income tax returns and other documentary evidence.

On July 1, 1971, Mr. McCormick went to work as an Assistant District Attorney of Travis County, his primary duties being prosecution of the felony docket in a District Court of Travis County. He served in this capacity for sixteen months, until November 1, 1972. Appellant does not question that Mr. McCormick was a practicing lawyer during this period. On November 1, 1972, he went to work as Assistant Director of the District and County Attorney's Association, which position he held until August 1, 1976. From 1972 until 1976, he and a Mr. Dane Whitworth (who was then Executive Director) engaged in a partnership for the private practice of law, as evidenced by Mr. McCormick's testimony corroborated by partnership income tax returns. Appellant does not assert that Mr. McCormick was not a practicing lawyer during this period. On August 1, 1976, Mr. McCormick became Executive Director of the District and County Attorney's Association of Texas, which position he has held continuously since then up to the time of trial except for a leave of absence he took therefrom without pay from February 1, 1980, until July 10, 1980. Appellant does not contend that Mr. McCormick was not a practicing lawyer during these times from August 1, 1976, until January 1, 1979. At the time of trial, Mr. McCormick's salary as Executive Director was at the rate of $37,000.00 per year. As Executive Director, he performed such duties as: appear before various legislative committees and subcommittees concerning proposed amendments on the Penal Code, the Code of Criminal Procedure, and the criminal justice system; he had a major part in drafting the Controlled Substances Act that is now in effect; he regularly filed

*Amicus Curiae* briefs in the Court of Criminal Appeals on behalf of the Association as its attorney; on a daily basis he advised prosecutors over the State, giving them technical assistance on points of law, including preparation of indictments and other problems concerning trial of criminal cases; he handled disputes over contracts and drafted leases, corporate tax returns, real estate conveyances, and handled other legal problems on behalf of the Association. Aside from his work in his capacity as Executive Director, he was involved in a limited private practice of law, wherein he did some probate work, a considerable amount of work for his family, but no trial work; the Association was aware of his private practice and did not object to it as long as it did not interfere with his job as Executive Director; he met private clients in the Association's office.

Mr. McCormick testified that when he had given legal advice to his neighbors and other people, whether he charged for it or not, he believed he was acting as a practicing lawyer and exercising the privileges of his law license. He has also given legal advice to private attorneys on matters such as provision for sentencing, search and seizure, and like matters, all of which advice has been given by him on a daily basis. Hon. Jim Vollers gave testimony which corroborated that Mr. McCormick was actively engaged in practicing law during the times in question.

This brings us up to February 1, 1980, at which time Mr. McCormick took a leave of absence without pay as Executive Director until July 10, 1980. Appellant contends he was not a practicing lawyer for a three–month period of this time from February 1, 1980 to May 1, 1980, while he was conducting a political campaign in behalf of his candidacy for Judge of the Court of Criminal Appeals, Place Two. During this three–month period, Mr. McCormick campaigned as much as he could; however, during this time he continued to consult with a few private clients, including a couple who had not been paid for a motorcycle they had sold; he had a probate matter going; he

did some oil lease work for a company; he was consulted by employees of the Association on legal matters and went down to the Association office as much as he could on a regular basis to help carry on the Association's work; he continued to advise prosecutors on an almost daily basis as time allowed; he had some cases of his own pending during this period. Mr. Vollers testified that he consulted with Mr. McCormick during this period on matters involving criminal law, on a probate matter they were involved in, and on another civil matter they were jointly involved in. In other words, during this three–month period of campaigning, Mr. McCormick was continuing to render the same types of legal services as he had theretofore done to the Association and its prosecutor–members, and to his private clients, as time permitted.

Appellant makes no contention that Mr. McCormick was not a practicing lawyer from May 1, 1980, to the time of the general election to be held on November 4, 1980; therefore we will not discuss Mr. McCormick's activities covering this period of time except to say that on July 10, 1980, he resumed his duties and went back on the payroll as Executive Director, and continued to perform the duties hereinabove mentioned and conducted his private practice as before, and was doing these things at the time of trial which was held August 8 through 11, 1980.

From the time Mr. McCormick was licensed on September 18, 1970, to the general election on November 4, 1980, covers a period of ten years, one month and sixteen days. From the four corners of this record, we are of the opinion and hold that Mr. McCormick was and will have been a practicing lawyer continuously from the time he received his law license for more than ten years prior to the general election of 1980; that the evidence establishes this fact; and that he is eligible under the Constitution and laws of this State to be the nominee of the Democratic Party for the office which he seeks as Judge of the Court of Criminal Appeals of Texas.

■ In summary it is the State's contention that to meet the constitutional qualification of being a "practicing lawyer" for ten years a person (1) must "hold himself out to the public or a part thereof as being available for or subject to employment for his rendition of services, counsel, advice or representation requiring the use of legal skill or knowledge," and (2) he must "have or maintain a law office," and (3) he must "render services, counsel, advice or representation to the public requiring the use of legal skill or knowledge which was a customary, habitual or substantial application of his personal time or services" during the full ten–year term. The trial court made findings that McCormick did not meet those criteria from September 18, 1970, until January 1, 1971 (when he was briefing attorney), nor from January 1, 1979, until February 1, 1980 (when he was Executive Director of the District and County Attorney's Association), nor from February 1, 1980 until May 1, 1980 (when he was campaigning for election). It is our view and holding that those tests are too strict and that one need not meet those tests in order to be a practicing lawyer within the meaning of the constitutional provision. It is our further view and holding that the evidence in our case sufficiently supports the trial court's determination that Appellee McCormick will have been a practicing lawyer within the meaning of the Constitution for the required ten–year term.

■ We therefore affirm the trial court's judgment, with this one exception: Appellees by cross point assert the trial court erred in failing to tax the costs against the Appellant State of Texas. We sustain this contention. The general rule is that when the State of Texas enters the courts as a litigant, it places itself on the same basis as any other litigant. See Rule 131, Texas Rules of Civil Procedure; *Houtchens v. State* (Tex.Com.App.1934) 74 S.W.2d 976, opinion adopted; *Reed v. State* (Austin Tex.Civ.App.1935) 78 S.W.2d 254, writ dismissed; *Ibanez v. State* (El Paso Tex.Civ. App.1939) 123 S.W.2d 704, no writ.

All parties in oral argument agreed that any party desiring to file a motion for rehearing would be required to do so not more than five (5) days from the date of this opinion, and that any party desiring to file any reply to such motion or motions for rehearing would be required to file such reply or replies not more than three (3) days after the filing of such motion or motions for rehearing. The foregoing timetable so agreed to by the parties herein is hereby ordered by the court.

Judgment of the trial court is hereby reformed so as to tax costs against the Appellant State of Texas, and as reformed, same is in all other respects affirmed.

REFORMED AND AFFIRMED.