**In the Interest of R.M.H., R.R.,**
**& M.G.H., Minor Children.**

No. 13-91-548-CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 10, 1992.

Edwin N. Horne, Asst. Atty. Gen., Austin, Susan Harrop, Edinburg, for appellant.

Martin E. Morris, Pharr, Maureen L. Ball, McAllen, for appellee.

Before SEERDEN, KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

SEERDEN, Justice.

This appeal arises from an adoption case, in which the trial court assessed costs including ad litem fees against appellant, the Texas Department of Human Services. By its appeal, Human Services contends that the trial court erred in assessing these fees because the department cannot constitutionally or statutorily comply with the judgment. Alternatively, Human Services contends that sovereign immunity insulates the department from liability for court costs. We affirm the trial court's judgment.

Previous to this proceeding, the courts terminated the parent-child relationship between R.M.H., R.R., and M.G.H., minor children, and their biological parents. Following the termination, the courts named Human Services as permanent managing conservator for the children. During the time Human Services was permanent managing conservator, John and Gail Yovanovitch, appellees, filed an original petition for adoption of the children. Human Services opposed the Yovanovitches' petition. The trial court appointed a guardian ad litem to represent the children's interests during the adoption proceeding. Following a hearing, in which the trial court determined that Human Services withheld its consent to adopt without good cause, the trial court transferred custody of the children to the Yovanovitches and subsequently granted their petition. Additionally, and central to this appeal, the trial court assessed all court costs, including the $270.00 ad litem fee, against Human Services.

By points one and two, Human Services contends that the trial court erred in assessing court costs against the department because the Texas Constitution prohibits an expenditure from the State Treasury without a specific appropriation for the type of expense and a pre-existing law which authorizes such an expenditure. Human Services asks that we reverse the portion of the trial court's judgment relating to assessment of costs and render judgment that court costs including attorney ad litem fees be assessed against the Yovanovitches.

To support its argument that the trial court violated the Texas Constitution, Human Services cites the constitutional provision that "[n]o money shall be drawn from the Treasury but in pursuance of specific appropriations made by law...." Tex. Const. art. VIII, § 6 (Vernon 1955); *In re D.H.*, 556 S.W.2d 628, 629 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). Human Services also argues that the Appropriations–General Act of the seventy-first legislature does not specifically provide for it to expend money for court costs including ad litem fees in adoption cases. Human Services directs our attention to the following section of the Appropriations–General Act:

Sec. 67. JUDGMENTS.

None of the funds appropriated by this Act may be expended for payment of any judgment or settlement prosecuted by or defended by the Attorney General and obtained against the State of Texas or any state agency, except where it is specifically provided in an item or items of appropriation that the funds thereby appropriated may be used for the payment of such judgments.

Act of June 16, 1989, 71st Leg., R.S., ch. 1263, § 67, 1989 Tex.Sess.Law Serv. 5800 (Vernon). Additionally, Human Services directs our attention to another portion of the appropriations act which it contends could be construed to apply to the facts before us. Specifically, Human Services' appropriation provides:

27. LIMITATION ON EXPENDITURES FOR CONSERVATORSHIP SUITS.

To the extent allowed by federal regulation, federal funds may be used by the department in conjunction with funds provided by counties with which the de-

partment has child welfare contracts to pay for legal representation for children or their parents in suits in which the department is *seeking* to be named conservator. No General Revenue funds appropriated to the department may be used to make such payments. (emphasis ours)

Act of June 16, 1989, 71st Leg., R.S., ch. 1263, 1989 Tex.Sess.Law Serv. 5479 (Vernon). The case before us is not a suit in which Human Services is seeking to be named conservator; therefore, we conclude that appropriation rider 27 is inapplicable.

The Yovanovitches respond that the portion of the trial court's final adoption decree relating to costs was proper and was not barred by the Texas Constitution. The Yovanovitches assert that section 11.18(a) of the Texas Family Code authorizes the trial court to award costs as in other civil cases. This section provides "in any proceeding under this subtitle [suit affecting the parent-child relationship] the court may award costs. Reasonable attorney's fees may be taxed as costs...." Tex.Fam.Code Ann. § 11.18(a) (Vernon 1986).

▪ The award of costs is discretionary with the trial court under the Texas Family Code. *Fambro v. Fambro,* 635 S.W.2d 945, 949 (Tex.App.—Fort Worth 1982, no writ). Also, generally, the taxing of an attorney ad litem fee for minor parties is within the trial court's discretion. *Suiter v. Woodard,* 635 S.W.2d 639, 641 (Tex.App.—Waco 1982, writ ref'd n.r.e.). We, therefore, determine whether the trial court acted without reference to any guiding rules and principles of law, or, whether the trial court's actions were arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

▪ Generally, when the State enters the court as a litigant, it places itself on the same basis as any other litigant. *See State by Reyna v. Goldberg,* 604 S.W.2d 549, 553 (Tex.Civ.App.—Waco 1980, no writ); Tex. R.Civ.P. 131. Ordinarily, in the absence of a statute exempting a governmental unit from the payment of court costs, it is just as liable as any other litigant. *Childs v.*

*Reunion Bank,* 587 S.W.2d 466, 471 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.).

In reviewing the caselaw addressing this issue, we return to *Houtchens v. State,* 74 S.W.2d 976 (Tex.1934). In *Houtchens,* the court held that assessing costs against the State was proper but ordered that the mandate issue without "advance payment of costs." *Id.* at 977; *see also Ibanez v. State,* 123 S.W.2d 704, 705 (Tex.Civ.App.— El Paso 1939, no writ). In *Reed v. State,* the court, following *Houtchens,* held that court costs were properly assessed against the State. *Reed v. State,* 78 S.W.2d 254, 256–57 (Tex.Civ.App.—Austin 1935, writ dism'd). When the State has been a proper party to a suit it is customary to tax costs against it just as any other litigant. *Id.* However, the *Reed* court noted that payment of court costs would have to await appropriations of funds for that purpose. *Id.* at 257. The *Reed* court also noted that with the ever-increasing number of suits to which the State is a party, frequently upon its own initiative, it would be a harsh rule to say that the State should not be liable for costs of litigation brought by it when it is the losing party. *Id.* We agree with the *Reed* court. In this case the State, through the Department of Human Services, contested the adoption, which the trial court determined was without good cause. Had the department not contested the adoption, the need for an ad litem and the extended time for litigating the adoption would not have been necessary.

▪ We conclude that while the trial court properly exercised its discretion and assessed costs against Human Services, which it may do under the Texas Family Code, under the Texas Constitution, a *payment* by the department of court costs can only be made from funds appropriated for a specific purpose by the legislature. Thus, following the precedent established by *Houtchens, Ibanez,* and *Reed,* we conclude that the judgment assessing costs against Human Services shall remain in effect. We overrule points one and two.

▪ We also address the department's third and fourth points of error, by which Human Services contends that sovereign immunity insulates it from liability for damages, costs, and attorney's fees. The

successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided. Tex. R.Civ.P. 131. Again, as we noted above, ordinarily, in the absence of a statute exempting the State from the payment of court costs, it may be liable just as any other party. *Atlantic Richfield Co. v. Warren Indep. School Dist.*, 453 S.W.2d 190, 202 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.) (opinion on motion for rehearing).

In the case before us, the Yovanovitches prevailed. Additionally, the trial court determined that the department withheld its consent to adoption without good cause. Therefore, costs assessed against Human Services were based upon the well established rule that when the State enters the court as a litigant, it places itself on the same basis as any other litigant. *State by Reyna*, 604 S.W.2d at 553; *Glass v. Great Southern Life Ins. Co.*, 170 S.W.2d 247, 249 (Tex.Civ.App.—Galveston 1943, writ ref'd w.o.m.). We find no statute exempting Human Services from costs. *Cf. County of Dallas v. Yellow Cab, Inc.*, 573 S.W.2d 44 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.) (statute prohibited taxing of costs). For cases assessing costs against the State or its governmental entities, see *Kierstead v. City of San Antonio*, 643 S.W.2d 118, 122 (Tex.1982); *Parker County v. Spindletop Oil & Gas Co.*, 612 S.W.2d 944, 949 (Tex.Civ.App.—Fort Worth 1981), *aff'd in part and rev'd in part*, 628 S.W.2d 765 (Tex.1982); *Reyna*, 604 S.W.2d at 553; *Combined Am. Ins. Co. v. City of Hillsboro*, 421 S.W.2d 488, 491 (Tex.Civ. App.—Waco 1967, writ ref'd n.r.e.); *Pierce v. City of Stephenville*, 206 S.W.2d 848, 852 (Tex.Civ.App.—Eastland 1947, no writ); *Glass*, 170 S.W.2d at 249; *Ibanez*, 123 S.W.2d at 704; *Norwood v. Taylor County*, 93 S.W.2d 573, 575 (Tex.Civ.App.—Eastland 1936, writ dism'd). Accordingly, we hold that Human Services is liable for court costs including ad litem fees in the present case. We overrule points three and four.

We affirm the trial court's judgment.