**Opinion issued March 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00416-CV**

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**JOSE ALBERTO CORRALES, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-75729**

---

## O P I N I O N

This appeal arises out of an automobile accident between an employee of the

City of Houston and Jose Alberto Corrales. Corrales sued the City for negligence,

alleging personal injuries. The parties tried their dispute to a jury, which sided with

Corrales. The trial court rendered judgment against the City, awarding Corrales

actual damages and pre- and post-judgment interest. At issue here, the trial court also awarded court costs consisting of fees for filing, citation, subpoenas, and an interpreter. Those costs form the basis of this appeal.

On appeal, the City contends that while the Texas Tort Claims Act waives its governmental immunity from suit and liability for damages for this personal-injury claim concerning vehicle use, the scope of the waiver in the Act does not allow for the recovery of court costs from governmental parties. Accordingly, the City requests that we modify the judgment to delete the award of court costs.

Based on the plain terms of the applicable statute, we agree with the City. Thus, we modify the trial court's judgment to delete the award of court costs. We affirm the judgment as modified.

## BACKGROUND

The material facts are undisputed. The underlying suit involved a car accident for which a municipal employee was at fault. It is well-established that the Texas Tort Claims Act waives the City's governmental immunity from suit and liability for personal-injury damages under these circumstances. The issue on appeal is whether the Act allows for an award of court costs against the City in any resulting judgment. This issue presents a question of first impression.

Applying the plain terms of the statute, which state that the Texas Tort Claims Act waives immunity only "to the extent" of the liability the Act creates, we hold

that immunity is waived only to the extent of the clear and express waiver in the statute. *See* TEX. CIV. PRAC. & REM. CODE § 101.025(a). Costs—which are not provided for in the limited waiver and are outside of its scope—are not available.

## DISCUSSION

### Standard of Review

This appeal requires us to construe the Texas Tort Claims Act to ascertain the scope of its waiver of governmental immunity. We review questions of statutory interpretation de novo. *Marino v. Lenoir*, 526 S.W.3d 403, 405 (Tex. 2017).

### Governmental Immunity

In general, governmental immunity bars tort claims against municipalities, like the City of Houston, when the claims arise from governmental functions. *City of Houston v. Green*, 672 S.W.3d 27, 29 (Tex. 2023). Immunity exists absent an applicable waiver by the legislature. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 865–66 (Tex. 2023).

In examining whether a plaintiff has met his burden to show a waiver (and the scope of a waiver), the statute's text and structure are our touchstones. *Id.* at 866. Any waiver must appear clearly and unambiguously in the statute. TEX. GOV'T CODE § 311.034; *see also Rattray*, 662 S.W.3d at 871 (stating that "precise scope" of waiver "must be clearly expressed"). We generally resolve ambiguities in favor of

3

the retention of immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

The waiver of governmental immunity is the legislature's prerogative; the courts "cannot be part of any such transaction." *Rattray*, 662 S.W.3d at 867. The legislature is constitutionally charged with the management of the state's finances, and it decides whether and to what extent to waive immunity to allow litigants to recover from the public fisc. *See id.* at 865 (declaring that plaintiffs can show waiver "only by demonstrating that the legislature, as the branch of government constitutionally empowered to manage the State's financial affairs, has waived immunity").

In a case like this one, courts must ascertain "whether *and to what extent* the Tort Claims Act waives immunity from suit." *Id.* at 867 (emphasis in original). Being "within" the waiver entails *both* "satisfying the provisions that clearly and affirmatively waive immunity *and* negating any provisions that create exceptions to, and thus withdraw, that waiver." *Id.* (explaining that "Act may waive immunity in one breath and in the next take back part of the waiver"). And, given that governmental immunity implicates jurisdiction, the trial court's obligation to determine if immunity applies "continues all the way past a verdict." *Id.* at 868.

**The Texas Tort Claims Act's Waiver**

As relevant here, the Texas Tort Claims Act waives immunity for personal-injury claims arising from the negligent operation or use of a motor-driven vehicle by a municipal employee acting within the scope of his employment, if the employee would be liable under Texas law. TEX. CIV. PRAC. & REM. CODE § 101.021(1) ("vehicle-use" provision); *Green*, 672 S.W.3d at 29.

This vehicle-use provision of the Texas Tort Claims Act thus creates a limited waiver of governmental immunity for specified personal-injury claims. *Rattray*, 662 S.W.3d at 871. We strictly construe the scope of this statutory waiver. *See PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019) (Court strictly construes Texas Tort Claims Act's vehicle-use requirement). The appeal before us turns on this vehicle-use waiver—and in particular its scope.

Along with waiving governmental immunity from suit with respect this type of claim, the Texas Tort Claims Act imposes limits on the liability permitted under the waiver. *Rattray*, 662 S.W.3d at 866. As the Texas Supreme Court has explained, the Texas Tort Claims Act "expressly limits the extent of its waiver of immunity from suit—it is not a wholesale waiver but, rather, a waiver that extends only as far as the Act elsewhere waives immunity from liability." *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 285 (Tex. 2022). Indeed, the Texas Tort Claims Act's text makes clear that its waiver is conditioned on the Act's liability limitations. It states:

5

Sovereign immunity to suit is waived and abolished *to the extent of liability created by this chapter*.

TEX. CIV. PRAC. & REM. CODE § 101.025(a) (emphasis added).

In light of these plain terms, the Texas Tort Claims Act's limitations on liability are not affirmative defenses; instead, they "implicate the trial court's jurisdiction by virtue of their incorporation" into the Act's waiver of immunity. *Curry*, 658 S.W.3d at 286 (citing TEX. CIV. PRAC. & REM. CODE § 101.025). Accordingly, the Texas Tort Claims Act "waives a governmental unit's immunity from suit only to the extent the Act waives its immunity from liability." *Id.* at 286, 289 (government retains immunity from suit exceeding liability limits in Act; limitations on liability modify waiver).

**The Texas Tort Claims Act's Applicable Limitation**

The Texas Tort Claims Act limits the scope of liability for personal-injury claims, including the claim at issue, to "damages." TEX. CIV. PRAC. & REM. CODE §§ 101.023, .025.[1] The Act does not define damages, and we interpret the term in accordance with its plain meaning. *Curry*, 658 S.W.3d at 287. Accordingly, for these purposes, damages means "[m]oney claimed by, or ordered to be paid to, a person

---

[1] The Act further limits the amount of money damages recoverable, with different caps applicable to different governmental parties. TEX. CIV. PRAC. & REM. CODE § 101.023. And the Act precludes exemplary damages altogether. *Id.* § 101.024.

6

as compensation for loss or injury." *Id.* (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)).

The Texas Tort Claims Act makes no reference to court costs. It contains no provision allowing for the recovery of court costs (as opposed to just damages) under the limited waiver applicable here. And, as Corrales concedes, "costs" (as they are understood in legal proceedings) are not a type of "damages." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) ("To the extent Ortiz contends that the attorney's fees and costs he incurred in prosecuting this suit are part of the 'actual damages' he is entitled to recover, we disagree. Texas law is clear that attorney's fees and costs incurred in the prosecution or defense of a claim, although 'compensatory in that they help make a claimant whole,' are not damages."); *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) ("'Costs,' when used in legal proceedings, refer not just to any expense, but to those paid to courts or their officers . . . .").

## Analysis

*Court costs are not recoverable under the plain terms of the TTCA.*

The question before us is whether a party who successfully sues a municipality for personal injuries under the Texas Tort Claims Act's limited waiver of governmental immunity may recover court costs in the judgment—even though (1) the terms of the Act allow only for the recovery of damages, not costs, and (2)

7

the legislative waiver of immunity, by its express terms, is limited to the extent of the liability the Act permits. Our answer to this question is no.

Critically, under the Act, governmental immunity is waived solely to the extent of the liability the Act creates. TEX. CIV. PRAC. & REM. CODE § 101.025(a); *Curry*, 658 S.W.3d at 286–87. Any waiver must be expressly set forth in clear and unambiguous language. TEX. GOV'T CODE § 311.034. This includes the scope of liability provided for in the waiver. *See Curry*, 658 S.W.3d at 287.

Statutory silence cannot, of course, be construed as a waiver of immunity. The starting point of governmental immunity analysis is "a presumption against any waiver." *Rattray*, 662 S.W.3d at 866.

Because the terms of the Texas Tort Claims Act allow for the recovery of damages only—and not also court costs—court costs are not recoverable. TEX. CIV. PRAC. & REM. CODE §§ 101.023, .025; *see Rattray*, 662 S.W.3d at 871 (precise scope of waiver must be clearly set forth); *Curry*, 658 S.W.3d at 286 (Texas Tort Claims Act's waiver of immunity from suit is limited to the extent of recoverable damages under Act); *see also Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 448 (Tex. 1994) (Gonzalez, J., concurring in part and dissenting in part) (explaining that Texas Tort Claims Act, which was not before Court there, "does not expressly provide for the recovery of fees and costs, and no court has awarded them to a plaintiff under the

8

Act").[2] The Texas Supreme Court has made a similar observation as to fees, for similar reasons. *See Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 531 (Tex. 2012) (reiterating that Tort Claims Act does not provide for attorney's fees and citing Justice Gonzalez's observations that the Act does not provide for fees or costs and that no court has ever awarded them to a plaintiff under the Act).

This is the only interpretation of the Texas Tort Claims Act that gives effect to the plain terms enacted by the legislature. It also accords with the terms of section 311.034 and the Texas Supreme Court's recent precedent discussed above, both of which establish that the default, absent clear language to the contrary, is immunity. TEX. GOV'T CODE § 311.034 ("a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"); *Curry*, 658 S.W.3d at 285–87 (explaining limited nature of Tort Claims Act's waiver).

*The legislature, at times, allows for the recovery of costs; it chose not to here.*

Our conclusion is bolstered by the consideration of other waivers and their scopes. Indeed, the legislature *can and does* allow for the recovery of costs in other circumstances. It simply chose not to do so here.

---

[2] The Declaratory Judgments Act, on the other hand, authorized an award of "costs and reasonable and necessary attorney's fees as are equitable and just," along with specifying that governmental entities must be joined or notified. *See generally Leeper*, 893 S.W.2d at 444–46 (discussing TEX. CIV. PRAC. & REM. CODE §§ 37.006, 37.009).

Corrales directs us to section 102.002 of the Texas Civil Practice and Remedies Code, a statute that provides for an award of court costs in connection with its waiver of immunity. Specifically, section 102.002 states that in a negligence suit against a local government employee acting within the scope of his employment, the local government "may pay actual damages awarded against an employee" and "the court costs and attorney's fees awarded against an employee." TEX. CIV. PRAC. & REM. CODE § 102.002(a)–(b); *see also id.* § 102.001(2) (defining "local government" to include cities and several other entities, including any political subdivision of the state).

Corrales does not contend that section 102.002 applies here. Nor could he do so. His lawsuit is against the City of Houston itself, not any of its employees.

What Corrales contends is that section 102.002 shows that an award of court costs should be available here because it is available there—even though the actual provision under which he sued, section 101.021 (and its corresponding liability provision), does not provide for court costs.

The opposite is true. Section 102.002's express provision for court costs shows that the legislature permits liability for court costs when it intends them to be recoverable. As a matter of statutory interpretation, the legislature's inclusion of costs in one statutory provision, and its omission of them from another, should be given effect. *See Bexar Appraisal Dist. v. Johnson*, 691 S.W.3d 844, 855–56 (Tex.

2024) (limitation in one statutory provision and absence from another showed legislature included limitation only in former, not latter).

Other statutory provisions offer further support. The legislature changes the scope of its waivers of immunity from statute to statute—sometimes including costs (or fees) as recoverable and other times, as is the case here, not. The following waivers offer instructive examples:

- in suits on municipal contracts, a municipality is generally liable for the balance owed under the contract and any change orders, attorney's fees, and interest (TEX. LOCAL GOV'T CODE §§ 271.151(3)(A), 271.152, 271.153(a));

- in suits for governmental violations of religious freedom, governmental parties are liable for compensatory damages for pecuniary and nonpecuniary losses subject to a damages cap, attorney's fees, court costs, and other reasonable litigation expenses (TEX. CIV. PRAC. & REM. CODE §§ 110.005(a)–(b), 110.008);

- in certain suits for state discrimination on the basis of race, religion, color, sex, or national origin, the "state's liability for costs is the same as that of a private person," and governmental parties are liable for "attorney's fees as a part of the costs" (TEX. CIV. PRAC. & REM. CODE §§ 106.001, 106.002(b), 106.004);

- in suits by or against executive state agencies with statewide jurisdiction in which an agency asserts a frivolous cause of action resulting in dismissal or adverse judgment, the agency is liable for statutorily specified fees and expenses, subject to a cap, and attorney's fees (TEX. CIV. PRAC. & REM. CODE §§ 105.001–.004);

- in suits for retaliation against whistleblowers, state and local governmental entities are liable for actual damages, including any lost wages and compensatory damages subject to a cap on certain kinds of damages, court costs, and attorney's fees (TEX. GOV'T CODE §§ 554.003(a), (b)(2), (c), 554.0035;

11

- in suits for violations of the open meetings act, governmental bodies are liable for litigation costs and attorney's fees (TEX. GOV'T CODE §§ 551.141.–.142); and

- in suits for unlawful employment practices, a governmental employer is liable for compensatory damages, other than back pay and subject to a cap on certain kinds of damages, and "attorney's fees as part of the costs," with the statute specifying that a governmental employer "is liable for costs, including attorney's fees, to the same extent as a private person" (TEX. LAB. CODE §§ 21.002(8)(D), 21.2585(a)–(d), 21.259(a), (b)).

Corrales asserts that court costs are recoverable against a governmental party as a matter of course every time immunity from suit is waived. But principles of statutory interpretation negate this argument. We presume the legislature deliberately chose its language, and we cannot interpret statutes in a way that renders any language superfluous. *Crosstex Energy Servs. v. Pro Plus*, 430 S.W.3d 384, 390 (Tex. 2014). Yet if Corrales were correct, then all of the language including costs or fees in other provisions would be superfluous. It is not—and the omission here is dispositive.

*The applicable statutory language controls.*

In arguing to the contrary, Corrales points to seven decisions, arguing that they stand for a rule that costs may always be assessed to a governmental party. *See Kierstead v. City of San Antonio*, 643 S.W.2d 118, 122 (Tex. 1982) (per curiam); *Houtchens v. State*, 74 S.W.2d 976, 977 (Tex. [Comm'n Op.] 1934); *In re R.M.H.*, 843 S.W.2d 740, 743 (Tex. App.—Corpus Christi 1992, no writ); *Strickland v. City of Houston*, 608 S.W.2d 285, 288 (Tex. App.—Houston [14th Dist.] 1980, writ ref'd

12

n.r.e.); *State by Reyna v. Goldberg*, 604 S.W.2d 549, 553 (Tex. App.—Waco 1980, no writ); *Childs v. Reunion Bank*, 587 S.W.2d 466, 471 (Tex. App.—Dallas 1979, writ ref'd n.r.e.); *Reed v. State*, 78 S.W.2d 254, 256–57 (Tex. App.—Austin 1934, writ dism'd).

We disagree in light of the statutory terms at issue, as well as the precedent discussed above. Importantly, while each of these decisions results in the assessment of court costs against a governmental party, none of these decisions addressed the Texas Tort Claims Act. So none controls this case, which addresses that Act. As shown above, statutory language, limitations, and waivers come in different forms. The question here involves the scope of the Texas Tort Claims Act's waiver. Our decision must turn on the controlling statutory language—not caselaw interpreting other inapplicable provisions.

Not only do these cases not involve the controlling statute here, but only one of these cases even involves torts. *See Kierstead*, 643 S.W.2d at 119 (municipal labor contract); *Houtchens*, 74 S.W.2d at 976 (attorney disbarment); *In re R.M.H.*, 843 S.W.2d at 741 (adoption); *State by Reyna*, 604 S.W.2d at 550 (judicial candidate eligibility); *Childs*, 587 S.W.2d at 467 (ad valorem taxation); *Reed*, 78 S.W.2d at 255–56 (riverbed mineral rights). The one decision that does involve a tort turned on compliance with a city charter's notice provision, did not discuss governmental immunity or its waiver, and imposed costs in its concluding sentence without

analysis. *See Strickland*, 608 S.W.2d at 286–88. That cannot control the analysis here, as opposed to the applicable statutory terms and recent guidance from the Texas Supreme Court.

## CONCLUSION

Because the scope of the legislature's waiver of immunity here does not include court costs, we do not reach the parties' additional dispute as to the inclusion of interpreter costs. *See* TEX. R. APP. P. 47.1.

We modify the trial court's judgment to delete the award of court costs to Corrales, and we affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b).


Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.